MARY B. COWDREY *vs.* WALTER E. COWDREY.
SAME *vs.* SAME.

Middlesex.   January 19. — April 6, 1881.   COLT & FIELD, JJ., absent.

A man acquired a right of homestead under the St. of 1855, c. 238. This statute
was repealed by the St. of 1857, c. 298, saving rights acquired under the pre-
vious statute.  The Gen. Sts. c. 104, § 3, provided that existing rights of home-
stead should be held notwithstanding the repeal of the statute under which
they were acquired, and § 12 provided that the right of homestead of any
householder existing at his death should continue for the benefit of his widow.
After the passage of the last-named statutes, the man married and died. *Held,*
that his widow was entitled to have an estate of homestead set off to her.

A widow having an estate of homestead is entitled to have her dower assigned
to her out of the whole of the real estate of her deceased husband, and then
to have her estate of homestead set off to her from the remainder of the
estate.

TWO APPEALS, by the sole heir at law of Jonas Cowdrey,
from decrees of the Probate Court.   The decree in the first
case accepted the report of commissioners assigning to Mary B.
Cowdrey, widow of said Jonas, dower in the whole of the real
estate of the deceased.   The decree in the second case accepted
the report of commissioners setting off to said widow an estate
of homestead in said estate remaining after the assignment of
dower.   At the hearing, before *Endicott*, J., the following facts
appeared.

Jonas Cowdrey owned and occupied as a householder, having
a family, the land and buildings thereon out of which dower
and homestead are claimed, from a period prior to the year 1854,
to the time of his death in 1877.   His wife, to whom he was
married prior to 1854, died in 1868.   The appellant became
of age in 1861.   In 1870, Jonas married the petitioner.   The
appellant assigned as one of his reasons of appeal that the
petitioner was not entitled in law to an estate of homestead out
of the estate of her deceased husband.

The judge affirmed the decrees of the Probate Court, and
reported the cases for the consideration of the full court.   If,
upon the above facts, these decrees were right, they were to be
affirmed; otherwise, such decrees to be made as law and justice
might require.

*S. K. Hamilton*, for the appellant. 1. Under the St. of 1855, c. 238, Jonas Cowdrey acquired a right of homestead, which would continue after his death for the benefit of his widow and minor child. This statute was repealed by the St. of 1857, c. 298, § 18, saving all rights "acquired" under the previous statute. The Gen. Sts. c. 104, § 3, provided that all "existing rights of homestead" should be continued to be held and enjoyed, notwithstanding the repeal of the law under which they were "acquired." Section 12 of the same chapter, continuing the right of homestead of a householder for the benefit of his widow and minor children, was intended to apply to those cases only in which the widow was the wife during the existence of the statute under which the right of homestead was acquired. The petitioner did not become the wife of Jonas Cowdrey until after the repeal of the statute under which he acquired his right of homestead, and the rights saved were only those which had been previously acquired.

2. If the widow was entitled to both dower and homestead, the latter should have been first set off to her, and then dower assigned from the remainder of the estate. The Gen. Sts. c. 104, § 12, under which the right of homestead continues, after the death of the householder, for the benefit of his widow and minor children, expressly provides that "the right, title, and interest of the deceased in the premises in which such estate or right exists, except the estate of homestead thus continued, shall be subject to the laws relating to dower." By necessary implication, there is no right of dower in a homestead estate, and the homestead should therefore be first assigned.

*S. Hoar*, for the appellee, submitted the case without argument.

MORTON, J. Jonas Cowdrey, the husband of the petitioner, acquired an estate of homestead under the St. of 1855, c. 238, which was not lost by the enactment of the St. of 1857, c. 298, as that statute contained a clause saving any rights acquired under the previous statutes. The Gen. Sts. c. 104, § 3, provide that "all existing estates or rights of homestead which have been acquired under any law heretofore in force, shall continue to be held and enjoyed notwithstanding the repeal of such law." The effect of this provision was that Jonas Cowdrey continued

after its passage to hold and enjoy the estate of homestead previously acquired by him, with the same rights and incidents as if it had been acquired under the General Statutes. The Gen. Sts. *c.* 104, § 12, provide that " the estate or right of homestead of any householder, existing at his death, shall continue for the benefit of his widow and minor children, and be held and enjoyed by them, if some one of them occupies the premises, until the youngest child is twenty-one years of age, and until the marriage or death of the widow, and shall upon the death of such householder be limited to that period. But all the right, title and interest of the deceased in the premises in which such estate or right exists, except the estate of homestead thus continued, shall be subject to the laws relating to devise, descent, dower and sale for payment of debts against the estate of the deceased." This includes all rights of homestead of any householder existing at his death, and applies to rights of homestead acquired under previous laws and continued by the General Statutes, as well as to rights acquired under the General Statutes. The case of the petitioner is within the letter and the spirit of this provision, and it is clear that under it the estate or right of homestead of her husband existing at his death continued for her benefit.

The effect of the homestead statutes is to give to the widow an estate in addition to her other rights in the property of her deceased husband. They were not designed to curtail her right of dower, but to give her the additional benefit of a homestead for herself and minor children. Upon this ground, it was held in *Monk* v. *Capen*, 5 Allen, 146, that the fact that a widow had received an assignment of dower and an allowance out of the personal property of her husband did not preclude her from claiming the additional benefit of an estate of homestead. The same point was decided in *Mercier* v. *Chace*, 11 Allen, 194. These cases were decided under the Sts. of 1855 and 1857, but it is clear that, in the revision of these laws in the General Statutes, it was not intended to curtail the widow's rights of dower. The last clause of § 12, above cited, upon which the appellant relies, does not in express terms or by reasonable implication provide that the homestead shall not be subject to dower. Its probable purpose was to make certain what might

otherwise be open to question, by providing that, in cases where the actual homestead is of greater value than $800, to which amount the continuing estate in favor of the widow is limited, all the interest of the deceased over and above the homestead estate should remain subject to the laws as before.

We are therefore of opinion that the commissioners appointed by the Probate Court were right in assigning the petitioner her dower out of the whole estate, and afterwards setting off her estate of homestead.

The result is that in each case the decree of the Probate Court must be                                        *Affirmed.*