FRANK M. WATSON v. WILLIAM H. WATSON.[1]

June 29, 1896.

Nos. 9967—(184).

**Appeal from Probate Court—Accounting by Guardian.**

> G. S. 1894, c. 45a, § 4665, which provides for an appeal from an order of the probate court allowing, or refusing to allow, an account of a guardian, was intended to apply to the annual or final accounts rendered and filed in compliance with the preceding sections 4572 and 4573, of the same chapter.

**Same.**

> It was not designed to cover or allow an appeal from an order based upon a finding that an alleged accounting and settlement between a guardian and his ward, made after the latter became of age, had never been had or made.

Appeal by William H. Watson from an order of the district court for Dakota county, Crosby, J., dismissing his appeal from the probate court of said county.    Affirmed.

*Hubbard & Taylor* and *M. H. Sullivan*, for appellant.
*Hodgson & Schaller*, for respondent.

COLLINS, J.    The appellant in this proceeding became the guardian of the respondent in the year 1864, and remained such guardian until the latter attained his majority in the year 1879.    In 1894 respondent filed a petition in the proper probate court, setting forth, among other things, that appellant had never made an accounting of his guardianship, and asking that he be required so to do.    A citation was then issued by the court, and served upon appellant, requiring him, on a day certain, to appear and show cause, if any he had, why he should not make such accounting.    In response to the citation, appellant filed a verified answer, in which he alleged that an accounting and settlement of all matters connected with his guardianship had been made with his ward after the latter became of age, in a certain specified way, which had been acquiesced in by the latter for more than 13 years.    He also set forth that by reason of the great lapse of time, during which all of his accounts in respect to the guardianship had been lost or destroyed, whereby it was impossible for

[1] Reported in 68 N. W. 44.

him to render an account, respondent had been guilty of laches in neglecting to make an earlier demand for an accounting and settlement. He also alleged that the right to demand an accounting was barred by the six-years statute of limitations.

A trial was had, and the court found that no accounting or settlement such as required by law had ever been made between the parties. It then ordered that appellant file in said court, by a day certain, a full and complete account of all his doings and proceedings in said matter, including a full statement of all moneys which had come into his hands and his disbursements in behalf of the ward's estate. From this order, appellant took an appeal to the district court, and there, upon respondent's motion, the appeal was dismissed, on the ground that the order was not appealable. The present appeal is from the order of dismissal.

The right of appeal from the probate court is regulated by G. S. 1894, § 4665, which provides that an appeal may be taken to the district court from

"(8) an order allowing an account of an executor, administrator or guardian, or refusing to allow the same, when the amount allowed or disallowed exceeds twenty dollars."

Unless the order is within the terms of this provision, it is not appealable, and the district court ruled correctly. Counsel for appellant concede this, but contend that as there may be a valid and binding accounting and settlement between a guardian and his ward after the latter has become of age, when the probate court found that there never had been an accounting and settlement between the parties, such as is required by law, and ordered that the guardian file a full and true account of his receipts and disbursements, it refused to allow the guardian's account, and its order became appealable under the statute. We cannot take this view of the statutory provisions regulating appeals. We find upon examination of the Probate Code that it provides for the rendition and filing of accounts by guardians once each year, and also for a full and final accounting at the termination of the guardianship. G. S. 1894, §§ 4572, 4573. These are what may be designated as "statutory accountings." It is obvious, when we consider that the Probate Code was designed to cover all matters of practice concerning the estates of minors, that section 4665 refers to, and was intended to apply to, accounts rendered and

filed in compliance with the preceding statutory requirements, and not to the determination of controversies of the kind now before us.

The guardian's answer did not pretend to be an accounting, but its allegations were by way of excuse, reasons being given why an account should not be rendered. When an account is rendered and passed upon, the guardian may have no cause for complaint, for the court may allow every item of his account. Certain it is that, when it found that no accounting or settlement had ever been had between the guardian and the ward, it did not disallow an account contemplated by the statute.

Order affirmed.