ST. PAUL TRUST COMPANY, Executor, v. NORMAN KITTSON and Others.[1]

December 28, 1896.

Nos. 10,210, 10,219—(184, 185).

**Second Appeal—Review.**

Upon a former appeal herein, this court remanded this case to the district court, with directions to retry a particular issue, and settle the executor's account in accordance with the decision on such appeal. 62 Minn. 408. This was done, and the parties again appealed from an order denying their respective motions for a new trial. *Held,* that no assignments of error can be considered on this appeal as to matters involved in the first one. *Held,* further, that such retrial and settlement of the account by the district court were in accordance with the mandate of this court.

Appeals by Norman Kittson and others from an order of the district court for Ramsey county, Kelly, J., denying their motion for a new trial and for modification of the findings and conclusions, and by

[1] Reported in 69 N. W. 625.

St. Paul Trust Company, executor, from an order denying its motion for a new trial. Affirmed.

*Daniel Murphy,* for Norman Kittson and others.

*Harvey Officer,* for the St. Paul Trust Company.

START, C. J. This matter comes to this court again on cross appeals, by the executor of the will of Norman Kittson, deceased, on the one side, and certain of his devisees and legatees, on the other, from an order denying their respective motions to set aside the trial court's findings on the second trial, and for a new trial.

The subject-matter of the litigation is the third account of the executor. The result of the former appeals was that the action of the trial court in settling the executor's account was affirmed, except as to the amount of money the executor should be charged interest upon. St. Paul Trust Co. v. Kittson, 62 Minn. 408, 65 N. W. 74. The district court on the first trial held that, in ascertaining this amount, the entire amount of the average daily cash balances of the executor on deposit in bank should be deducted from the daily average credit balances due the estate, and interest computed on the balance so found. But it appearing from the record, as construed by this court, that the balances in bank were made up of the executor's own money and money belonging to trust estates, including the Kittson estate, of which it had charge, we held, in effect, that, as between the executor and the trust estates, the whole fund in bank might equitably be regarded as belonging to the trust estates, as it appeared that it and the whole thereof was available at all times for the payment of the current expenses and demands of the trust estates, and was so used. It is proper, at this point, in view of what was said by counsel for the executor on the argument of these appeals, to say that in our former decision there was no purpose to hold or state that the executor had used in its own business any part of the funds belonging to trust estates other than the Kittson estate, for there was nothing in the evidence that would justify such a conclusion. Such other estates were referred to only for the purpose of evolving the method of ascertaining the proportionate share of the Kittson estate in the funds in bank, as a basis of ascertaining how much should be deducted from the amount of its credit balances to obtain the amount upon which interest should be charged.

In the original opinion, we held that the proportionate share of the Kittson estate in the funds in bank was 56 per cent.; but, on an application for a rehearing, we became satisfied that we were in error in this respect, and, in a supplemental opinion, we directed the following order to be entered:

"Cause remanded to the district court, with directions to retry the question of the proportion of the daily average credit balance of the Kittson estate to the aggregate daily average credit balances of all the trust estates, and thereupon make a finding upon that issue, and, having made such finding, to modify its conclusions of law, and settle the executor's account in accordance with the rules laid down in the opinion."

Judgment was so entered in this court, and the mandate sent down in accordance therewith, and the issue retried in the district court. On the present appeals both parties assign errors as to matters involved in the former appeals. Such assignments cannot be considered on these appeals, for the decision on the former appeals constitute the law of this case. Bradley v. Norris, supra, 48, 69 N. W. 624.

If the trial court retried the issue, and settled the account in accordance with the decision, judgment, and mandate of this court, the orders appealed from must be affirmed. Only one assignment of error on the part of the executor can be here considered. It is, in effect, that the trial court erred in excluding evidence tending to show that 97 per cent. of the daily average balances to the credit of trust estates other than the Kittson estate was not due, but was awaiting investment, or the happening of the contingencies upon which it was to be paid. The ruling of the court was correct, for it was immaterial whether the credits were then due or not. The fact which the trial court was authorized to determine was "the proportion of the daily average credit balance of the Kittson estate to the aggregate daily average credit balances of all of the trust estates," whether due or not.

The only assignments of error on the part of the devisees and legatees which we can consider are to the effect that the trial court erred in not adding to the total of the daily average credit balances of all trust estates, for the purpose of ascertaining the required proportion, the total of all credits, on the books of the executor, to parties other than the trust estates. Whether it would have been equitable

to have done so it would be now useless to inquire, for such action would not have been in accordance with the decision of this court on the former appeals. The district court tried the issue sent down to it for trial, and settled the executor's account in exact accordance with the mandate of this court.

Order affirmed on both appeals.