CORNELIA DE CAMP KITTSON and Others v. ST. PAUL TRUST COMPANY.

December 14, 1899.

Nos. 11,827—(145).

### Executor and Administrator—Annual Accounts.

*Held*, an intermediate accounting in the probate court by an executor or administrator is conclusive on all of those contesting it who were under no disability, and on all of those under disability who were properly represented by guardians.

### Partial Account Conclusive, after Hearing.

Several intermediate accountings were made by the executor, at the last of which the appellant devisees appeared and contested. The court made an order allowing the account, and adjudging that a certain sum was due on a certain day from the executor to the estate. This was based on the amount found due, and allowed on the prior accountings. *Held*, the last accounting was conclusive on the appellants, and, as it involved the prior accountings, it made them conclusive also.

### Final Account.

On the attempt made in the final accounting to open up these prior accountings, *held*, the showing made was not sufficient.

Petitions to the probate court of Ramsey county by Cornelia de Camp Kittson, Hercules L. Kittson, and Daniel Murphy, as guardian of Norman W. Kittson and another, minors, and by Violet K. Kittson, as guardian of Alfred S. Kittson, incompetent, praying that the accounts of the St. Paul Trust Company, as executor of the estate

of Norman W. Kittson, deceased, be re-opened, and that the executor be compelled to amend its final account so as to include all previous accounts. From an order denying the prayer of petitioners, they appealed to the district court for said county. In the district court the appeals were heard before Brill, J., who made an order affirming the order of the probate court, from which order petitioners appealed. Affirmed.

*Daniel Murphy* and *John F. Fitzpatrick,* for appellants.

There is no provision for adjudication on a partial account of an executor. The provisions of the probate code refer solely to final accounts. G. S. 1894, §§ 4639–4641. Section 4638 gives the probate court power to call on an executor to give an account at any time, but this can only be construed in furtherance of the general power of the court to keep watch over administration. There is no provision for notice or hearing on such a partial account. There is no good reason why there should be a final adjudication on a partial account. The rule elsewhere is that orders on partial accounts shall not be final judgments, but that all matters may be inquired into on final accounting. Picot v. O'Fallon, 35 Mo. 29; Folger v. Heidel, 60 Mo. 284; Seymour v. Seymour, 67 Mo. 303; Jackson v. Reynolds, 39 N. J. Eq. 313; Leake v. Leake, 75 Va. 792; West v. West, 75 Mo. 204; Mix's Appeal, 35 Conn. 121; Coburn v. Loomis, 49 Me. 406; Scott v. Fox, 14 Md. 388, 397; Sewell v. Slingluff, 62 Md. 592; Wilson v. McCarty, 55 Md. 277; In re Stratton, 46 Md. 551; Matter of Stayner, 33 Oh. St. 481; Long v. Thompson, 60 Ill. 27; State v. Wilson, 51 Ind. 96.

*Harvey Officer,* for respondent.

CANTY, J.

Norman W. Kittson died leaving a last will, which was duly probated, and the St. Paul Trust Company, a corporation, was appointed executor. The executor has since been in the habit of filing accounts about once a year, and having them allowed by the probate court.

The first account was filed in January, 1890, and purported to be a statement of all the receipts and disbursements of the executor

up to January 10, 1890. On February 14 following, the probate court made an order allowing the account.

The second account was filed October 7, 1891, and purported to be a statement of the receipts and disbursements from January 10, 1890, to June 30, 1891. On November 3 of that year the court made its order allowing that account. Service of the notice of the hearing of each account was made on all of these appellants, both by publication and personally, as ordered by the court.

The third account was filed in March, 1893, and purported to be an account of all the receipts and disbursements of the executor during the time from June 30, 1891, to March 1, 1893. The court fixed April 11, 1893, as the time of hearing this account. Thereupon the appellants Norman Kittson and Cornelia de C. Kittson, devisees under the will, appeared and objected to the account. After a hearing, the court charged the executor with $22,286.49 more than it admitted by the account to be due the estate, and allowed the account accordingly. The executor and the objectors appealed to the district court, and the latter court, after a hearing, made its order in the matter modifying the order of the probate court. Each party moved for a new trial, and appealed to this court from an order denying the same. This court modified the order of the district court, and remanded the case, with directions to the district court. See 62 Minn. 408, 65 N. W. 74. These directions were complied with by the district court. The case was again appealed to this court, the order appealed from affirmed, and the case remanded. See 67 Minn. 59, 69 N. W. 625. The case was subsequently remanded to the probate court. The accounting came on again for hearing in that court on April 29, 1897. Said objectors then appeared by their attorney, and Alfred S. Kittson, a spendthrift, by his guardian, also appeared by attorney, and filed similar objections. Thereupon the court, pursuant to the judgment of the district court, allowed the account, charging the executor $13,567.70 in addition to what it admitted in its account was due the estate. But the order further provided that the account is "settled and allowed subject to revision on final accounting."

Pending the litigation over the third account, to wit, on January 1, 1894, the executor filed its fourth account, purporting to be a

statement of all the receipts and disbursements of the estate during the time from March 1, 1893, to January 1, 1894. The hearing on that account was set for January 26, 1894, and all of these appellants except Alfred S. Kittson appeared, and filed objections to the account. Thereupon the hearing was continued from time to time, awaiting the result of said litigation over the third account. The fourth account finally came on for hearing on June 10, 1897. Alfred S. Kittson then appeared by the attorney of his guardian, and filed objections. The other objectors also appeared. The hearing was had, and the probate court made its order reciting the fact that the third account had been settled as aforesaid, and, on the basis of the balance found due on the settlement thereof, found on said fourth accounting and adjudged that there was due from the executor to the estate, on December 20, 1893, the sum of $54,846.49 "and that said balance of $54,846.49, due by said executor to said estate, shall be and become the first item to be credited to said estate as of December 30, 1893, in the next [fifth] accounting of the said executor in the matter of said estate." No appeal has ever been taken from this order.

In the meantime the executor had filed its fifth account, and thereafter, prior to November 25, 1898, it had filed its sixth, or final, account. These two accounts came on for examination on that day, and thereupon these appellants, devisees under the will, appeared and filed petitions, in which they ask that all of the prior accounts be reopened, and that the executor be compelled to amend its final account so as to include therein all the others.

The petition alleges that during the time covered by the prior accounts the executor handled for the estate a large sum of money,

"Which money said executor used as its own money, and loaned the same out to divers persons, and charged interest on the same, which it has misappropriated and fraudulently converted, and kept the same for its own use and benefit, and that the said executor has not accounted for the commissions earned on account of loaning said moneys of said estate of said deceased, but has fraudulently kept the same for its own use; and that the sums so kept, used, and converted and misappropriated amount to many thousands of dollars, which fact did not come to the knowledge of these petitioners until after the contesting of said third account."

The petition further alleges that

"During all the time covered by said accountings the said executor commingled all the moneys belonging to said estate of said deceased with moneys belonging to itself and to other estates, and kept the same in its private account in the different banks of St. Paul and otherwheres, and drew said moneys so commingled on its individual checks, and loaned the same to divers persons and corporations, and received large amounts of interest as aforesaid on loans made out of said moneys so commingled, and so held in its individual capacity, and not accounting for the same in any of its accounts; and also drew checks in its individual name on said funds, paid salaries of its officers, dividends to its stockholders, rents and taxes on its own property, and in fact used such commingled funds as its individual funds; that by so appropriating said moneys, and converting the same as aforesaid, and keeping the interest on the investments of said moneys, the said St. Paul Trust Company, as executor, committed fraud against said estate of said deceased, in the administration thereof, to the great injury of your petitioners; * * * that the said St. Paul Trust Company, as executor, has wrongfully and fraudulently collected and kept fees for administering said estate the following amounts: During the first accounting the sum of $14,225, during the second accounting the sum of $24,200 (which sum, by order this probate court, disallowed, in part, allowing the net charge to remain at $16,650); that during said third account the sum of $10,000; that during the fourth account the sum of $5,000."

The petition of Alfred S. Kittson, by his guardian, further alleges that, during the time covered by the first, second, and third accounts filed by the executor, he was a minor, under the age of 21 years, and this executor, the St. Paul Trust Company, was his guardian. These are all of the allegations of the petitions that we deem it necessary to quote.

To these petitions the executor filed an answer, which consists partly of objections to the sufficiency of the petitions, and partly of an answer to them on the merits. The order of the court denying the prayer of these petitions appears in the record. This order recites that the fifth and sixth accounts came on for hearing,

"And thereupon, on said date, the said several petitioners, by their said respective attorneys, and the said attorney for said executor, submitted the said several petitions, and the said answers thereto, to this court, and the same were by it taken under advisement;

* * * and now, having duly considered the said several petitions, and the said answers thereto, and it appearing to the satisfaction of the court, from an inspection and examination of its files, that, upon the final examination and allowance of the fourth account of said executor, named in said petitions and answers, all the said petitioners were duly represented upon the settlement and allowance thereof, and had due opportunity to be heard therein, and that they had due opportunity to appeal from such settlement and allowance, and did not appeal therefrom, and that the settlement of said fourth account was made upon the basis of the settlement of the third account, which had been settled by this court pursuant to the orders of the district court for said Ramsey county, and having duly considered the matters alleged in the said several petitions, and the said answers thereto, it is now ordered that the said prayers of said several petitions be, and the same are hereby, denied."

From this order the petitioners appealed to the district court, and the order of that court affirming the order of the court below appears in the record as follows:

"After hearing counsel for respective parties, and upon the return of the probate court, and the amended return, and all the records and files, it is ordered that the motion of respondent, the St. Paul Trust Company, for the affirmance of the order of the probate court, be granted; and it is ordered that judgment be entered affirming the order of the probate court appealed from."

From the judgment entered on this order the petitioners appeal to this court.

One of the questions raised by the parties is as to the conclusiveness of intermediate accountings by the executor during the progress of administration. It is generally held that when such accountings are ex parte, or when the beneficiaries are minors not properly represented, such intermediate accountings are only prima facie evidence of their correctness. See the cases cited in 11 Am. & Eng. Enc. (2d Ed.) p. 1310, note 6. Some of the cases also hold that such an accounting is conclusive only against those who actually contest it. Id. In our opinion such an accounting is conclusive on all of those contesting it who were not under disability, and on all of those under disability who were properly represented by guardians. Id. 1311; Mercer v. Hogan, 4 Mackey, 520; Turney v. Williams, 7 Yerg. 171, 211, 15 Tenn. 171, 211; Duke v. Duke, 26

Ala. 673.   On the fourth accounting all of the appellants contested the administrator's account, and all of those who were under disability were properly represented by their guardians and the attorneys of the latter.   (The respondent trust company had long since ceased to be the guardian of Alfred S. Kittson.)

Then, in our opinion, the order made on the fourth accounting is conclusive.   Conceding, without deciding, that none of the prior accountings were in themselves conclusive against those appellants, still the fourth accounting is conclusive that on December 30, 1893, there was due to the estate from the executor the sum of $54,846.49 —no more, no less.   This accounting is based upon all the others, necessarily involves them, and has the effect of rendering them conclusive also.   Then, in order to set aside these prior accountings, the appellants should have made a strong, clear, and satisfactory showing, not only as to the merits, but also as to some proper and sufficient excuse for their laches, and for their failure to proceed to open up the accountings prior to the fourth, before the final order was entered in that accounting.   It is clear, from what has been recited above, that appellants made no such showing.   Their showing as to the merits is very general, and rather vague, and they offered no excuse at all for their laches, and for their failure to attempt to open up the accountings prior to the fourth before the final order was entered in that accounting. `

The judgment appealed from is therefore affirmed.