WILLIAM M. ROBINSON *vs.* FRANCIS A. DAYTON.

Middlesex.   December 7, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Probate Court. Practice, Civil. Guardian. Insane Person. Dower. Homestead Rights. Words, "Person aggrieved."*

The heirs presumptive of one who is *non compos mentis* have a right to appeal from a decree of the Probate Court affecting the rights of property of the person *non compos*, being persons aggrieved within the meaning of R. L. c. 162, § 9.

On appeals from decrees made by a single justice affirming the action of the Probate Court, granting to the guardian of an insane widow a license to sell her right of dower and homestead at private sale to one who is a part owner of the fee of the land in question and authorizing the guardian to invest the entire property of the insane person in a mortgage given by the purchaser of the right of dower and homestead to secure the comfortable support and maintenance of the insane person during her life, if the appeals come before this court without findings of fact or a report of the evidence, the only questions open are as to the power of the Probate Court to make the decrees upon any evidence that might have been adduced under the petitions.

The Probate Court may authorize the guardian of an insane widow to sell for her maintenance and support her dower and homestead rights in real estate to the owner of the fee although such rights have not been set off to her.

The Probate Court may authorize the guardian of an insane person who is a widow to sell her dower and homestead rights in real estate for her maintenance and support without first having her interest in her husband's estate ascertained, paid over and used for her maintenance, if her husband's estate is so small that the personal property may not be worth the necessary accounting.

The Probate Court may authorize the guardian of an insane woman, whose property is not more than enough to secure her a comfortable support during her life, to invest the entire property in a mortgage of real estate given by one of her sons conditioned to secure her comfortable support and maintenance during her life.

LORING, J. These are appeals by a son from two decrees made by a single justice affirming the action of the Probate Court. They come before us without findings of fact or a report of the evidence.

The first decree as modified and affirmed by the single justice grants a license to the guardian of an insane person to sell at private sale to one who is a part owner of the fee, the ward's right of dower and homestead, "which have never been set out" to her, for the sum of $706.56, "as it is necessary that her said interest be released or sold for her maintenance." The other decree authorizes the investment of the sum of $656.56 part of said $706.56, in a mortgage on land worth $2,000, conditioned for the comfortable support of the insane person, and, as a further consideration for the mortgage, the guardian is to release to the mortgagee the undivided interest of the insane person in her husband's personal estate.*

It was held in *Boynton* v. *Dyer*, 18 Pick. 1, that the heirs presumptive of one who is *non compos mentis* are persons aggrieved within St. 1817, c. 190, § 7, now R. L. c. 162, § 9, and so have a right to take an appeal. Different reasons have been given for

---

* It appeared by the decree, that the insane person was Bridget Dayton, and that the mortgagor was her son John B. Dayton. The investment was authorized to be made " in a first mortgage to be given by him on real estate owned by him situate in this Commonwealth of the value at least of two thousand dollars, conditioned to secure during her natural life, in sickness or in health, her comfortable support and maintenance, either at his own table and home or elsewhere as the said Bridget may choose." John B. Dayton also was the person to whom by the first decree the guardian was authorized to sell Bridget Dayton's rights of dower and homestead. The appellant was Francis A. Dayton, another son of Bridget.

this decision, (*Harrington* v. *Harrington*, 13 Gray, 513, *Farrar* v. *Parker*, 3 Allen, 556,) but it never has been doubted. *Lawless* v. *Reagan*, 128 Mass. 592, 593.   *Pierce* v. *Gould*, 143 Mass. 234. *Pattee* v. *Stetson*, 170 Mass. 93.   *Leyland* v. *Leyland*, 186 Mass. 420.

Nothing can be open on these appeals but the power of the court to make the decrees upon any evidence that might have been adduced under the petitions.

Taking up the defendant's objections in the order in which they were argued, without regard to the reasons of appeal, we are of opinion if it was thought advantageous that the dower and homestead rights could be sold to an owner of the fee before they were set off.   R. L. c. 145, § 26 ; c. 146, § 9 ; c. 148, § 4.   See in this connection *Leavitt* v. *Lamprey*, 13 Pick. 382. In ascertaining the value of these rights the court would proceed on the basis that the widow was entitled to her dower and subject thereto to homestead, as is laid down in *Cowdrey* v. *Cowdrey*, 131 Mass. 186.

We are also of opinion that it was not necessary to have the interest of the insane person in her husband's estate ascertained, paid over and used for the maintenance of the insane person before the real estate could be sold.   It may be that it was an interest which was not worth the necessary accounting.

The homestead right is in land to the value of $800, but it may have been that the dower and homestead interest of the insane person in this land was not worth $800.   If the property of the insane person was not more than enough to secure to her a comfortable support during her life, the investment was a proper one.

*Decrees affirmed.*

*J. E. Kelley*, for the appellant.
*R. E. Learned*, for the appellee.