### ELMER MELSTROM v. E. L. TERRY.[1]

February 25, 1927.

No. 25,830.

**When order allowing administrator's intermediate account cannot be reviewed on appeal from his final account.**

The order of the probate court allowing the account rendered by an executor or administrator, upon an application for a partial distribution of the estate, may be reviewed on appeal to the district court. If no appeal is taken, the account cannot be impeached when the final account of the executor or administrator comes before the probate court for settlement and allowance or before the district court on appeal.

Appeal and Error, 3 C. J. p. 570 n. 44.
Executors and Administrators, 24 C. J. p. 1033 n. 27; p. 1045 n. 37; p. 1051 n. 17.

Appellant Elmer Melstrom appealed from a judgment of the district court for Rice county, Senn, J., affirming an order of the probate court allowing the final account of the administrator of the estate of Nels Melstrom, deceased. Affirmed.

*Childress & Caswell,* for appellant.

*Dressel & Dressel* and *Moonan & Moonan,* for respondent.

LEES, C.

The probate court allowed the final account of the respondent as administrator of the estate of Nels Melstrom, deceased. An appeal

[1]Reported in 212 N. W. 902.

was taken to the district court by one of the heirs. That court found in effect that a partial distribution of the decedent's estate had been ordered; that before the distribution was made the administrator had filed an account which the probate court had allowed; that no appeal had been taken from the order allowing the account and making partial distribution of the estate, and that the final account was just, correct and properly allowed by the probate court. It was held that the intermediate account was not subject to review on appeal from the order allowing the final account, and judgment in favor of the administrator was ordered. This is an appeal from the judgment.

At the opening of the trial, counsel for the administrator objected to the introduction of evidence tending to impeach the intermediate account, stating that, since the account had been passed upon when it was allowed and since no appeal had been taken from the order of allowance, the account could not be questioned on appeal from the order allowing the final account. Counsel for the appellant, in answering the objection, said that it was his contention that the final account could be attacked by showing that the intermediate account was incorrect, even though the time to appeal from the order allowing it had gone by, and in response to an inquiry made by the court said that the only way in which it could be shown that the final account was not correct was by offering evidence relative to certain items in the intermediate account. The court said:

"It seems to me that so far as these matters are involved in the account for partial distribution, this court * * * would be power-less to take any action. * * * That account has been settled and allowed and no appeal has been taken."

We find no order in the record allowing the intermediate account, but throughout the trial the existence of such an order was taken for granted by both parties. Even on this appeal its existence is not disputed. Apparently through some oversight it was not introduced in evidence with the other records in the probate court. Under the circumstances we must dispose of the appeal on the assumption indulged in when the case was tried in the court below.

Section 8873, G. S. 1923, provides that an administrator shall render an account of his administration within the time allowed for the settlement of the estate and at such other times as the court may require until the estate is wholly settled.

Section 8874 provides for the assignment of a portion of the estate to the persons entitled thereto before final settlement is made, in which event "the court may require the administrator * * * when necessary, to settle his account to date."

Section 8875 provides that such assignment shall be final as to the persons entitled to the estate and as to their proportionate shares therein and that all subsequent assignments shall be to the same persons and in the same proportions as determined by the decree of partial distribution.

Section 8983 enumerates the orders of the probate court from which an appeal may be taken to the district court. Paragraph 7 reads as follows:

"An order allowing the account of an executor, administrator, or guardian, or refusing to allow the same, when the amount allowed or disallowed exceeds twenty dollars."

It is to be noted that the right of appeal is not limited to orders allowing or disallowing final accounts. We see no reason why the order allowing or disallowing an account which the court requires an executor or administrator to render is not appealable, even though the account was rendered and settled in the course of the administration of the estate as a preliminary to a partial distribution.

The order making a partial distribution is final as to the persons entitled to the estate and as to their proportionate shares therein and is appealable, In re Estate of Hall, 155 Minn. 46, 192 N. W. 342, and the order which settles the account should also be appealable.

The question was touched upon in Kittson v. St. Paul Trust Co. 78 Minn. 325, 81 N. W. 7, where it was held that an accounting by an executor during the progress of administration is conclusive on all those contesting it who were not under disability; but it was said that an ex parte accounting, or one made when the beneficiaries

are minors not properly represented, is only prima facie evidence of its correctness. It does not appear that any of the beneficiaries here are minors, or that they did not appear when the application for a partial distribution was heard.

The views we have expressed are sustained in other jurisdictions under statutes not materially different from our own. See Nowland v. Rice's Est. 138 Mich. 146, 101 N. W. 214; In re Raleigh's Est. 48 Utah, 128, 158 Pac. 705; In re Murphy's Est. 57 Mont. 273, 188 Pac. 146; Priewe v. Priewe, 43 N. D. 509, 175 N. W. 732.

The orderly administration of estates of deceased persons, as well as the language of the statute, justifies a holding that an order allowing an intermediate account rendered when partial distribution is made may be reviewed and the rights of the heirs and the liability of the executor or administrator determined by an appeal from such order, and that if no appeal is taken the account cannot be impeached at the hearing of the final account or on appeal from the order allowing the final account.

Judgment affirmed.