## IGNATZ PLOTNIK v. C. B. LEWIS.[1]

July 5, 1935.

No. 30,385.

*John G. Priebe,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the judgment. The action is for malpractice. The answer of defendant admitted treating plaintiff, averred that he was treated with due care, denied the malpractice, and pleaded the statute of limitations in bar. The trial resulted in a verdict for plaintiff.

The evidence disclosed that on September 8, 1931, plaintiff, a man 58 years old, a butcher, residing and doing business at Browerville, this state, came to the office of defendant, a physician, at St. Cloud, for treatment, complaining of blood in the urine. Defendant with three other doctors were partners there conducting a medical clinic. Plaintiff's ailment was diagnosed as a species of cancer of the bladder, and he was treated accordingly. The treatment took some time, and during its progress pain developed in the right hip. X-rays were taken and the malady diagnosed as a cancerous invasion of the bones of the hip joint, involving the sciatic nerve. The

[1]Reported in 261 N. W. 867.

treatment continued until November 18, 1931, when the doctors concluded that plaintiff was suffering from an incurable cancer for which they could do nothing. Upon plaintiff and his family being so informed, it was determined that he should go home. He was discharged from the hospital at St. Cloud and was taken to his home in Browerville, 70 miles northwest from St. Cloud. Defendant's treatments ceased, and no treatment was thereafter prescribed or given by defendant or any of his partners until December 27, 1931, when, in response to a call, defendant and one of his partners drove to Browerville and injected alcohol into plaintiff's right sciatic nerve to kill it in order to escape the intense pain he was experiencing. There is a sharp conflict in the evidence as to whether or not plaintiff was informed by defendant that the injection of the alcohol would paralyze the leg. All knew, however, that the injection was to relieve the pain and not an attempt to cure. After injecting the alcohol neither defendant nor any of his partners saw or prescribed for plaintiff. The pain subsided for a short time but then reappeared. He was treated therefor by Dr. Mosby of Browerville and Dr. Van Volkenberg of near-by Long Prairie. Between January 18, 1932, and the 23rd of the same month plaintiff went with his daughter to Appleton, Wisconsin, where he remained some eight months. While there the services of Dr. McGrath were engaged, but the testimony of plaintiff is that the doctor would not administer morphine without having heard from defendant. On January 23, 1932, defendant, evidently in response to a communication from Dr. McGrath, wrote this letter:

"Dear Dr. McGrath:

"Mr. Plotnik had a primary papillary carcinoma of the bladder. This condition was treated by cautery through the cystoscope. Later he developed metastatic growths in the pelvis and right femur. There must have been an encroachment on the right sciatic. On account of his violent pain we injected the nerve with alcohol after explaining that the leg would be paralyzed. Morphine to keep him comfortable is all that can be done.

"Sincerely,

"C. B. Lewis"

Some time after plaintiff's return from Appleton he went to the Mayo Clinic at Rochester, where the disease, which then had made serious inroad on the bones of the hip, was diagnosed as probably tuberculosis. It would serve no useful purpose further to recite the evidence. The trial resulted in a verdict for plaintiff, but on defendant's motion judgment was entered in his favor notwithstanding the verdict.

The motion was made on the grounds, first, that more than two years elapsed between the alleged negligence of defendant and the commencement of the action; second, that the evidence does not sustain the verdict. The court granted judgment solely on the ground that the action was barred by 2 Mason Minn. St. 1927, § 9193 (1), fixing two years as the time within which actions must be brought "against physicians, surgeons, dentists, hospitals, sanitariums, for malpractice, error, mistake, or failure to cure, whether based on contract or tort." We think the court ruled correctly, and hence it will not be necessary to consider whether the evidence warrants the finding of actionable negligence.

The action was begun January 8, 1934. The last time defendant did anything in the way of treating plaintiff was December 27, 1931, when alcohol was injected to deaden or kill the right sciatic nerve. The court charged the jury that no recovery could be based upon anything defendant or his partners did or omitted to do in the diagnosis or treatment prior to plaintiff's discharge from their care and the hospital on November 18, 1931. No exception to this or any other part of the charge was taken. It was clearly right. Plaintiff's medical expert admitted that on defendant's diagnosis, that cancer had entered the bones of the hip so as to involve the sciatic nerve, the injection of alcohol to kill the nerve was good practice. But he gave his opinion that such a drastic measure should not have been resorted to without taking X-rays at the time, which X-rays might then have disclosed the disease to have been tuberculosis and not cancer. At any rate, the malpractice, if any, occurred then and there in administering alcohol. There is no claim that the alcohol was injected in an improper place or in improper quantity. No further injection was contemplated. Plain-

tiff paid defendant in full for giving the injection as soon as it was finished. No further treatment was expected from defendant. It is perfectly plain that defendant by the letter of January 23, 1932, to Dr. McGrath, did not again take on plaintiff as his patient, or Dr. McGrath as an assistant. It was a mere friendly act which one professional man gladly renders to another without expectation of pay or reward. In no sense can that letter be regarded as evidencing a renewal of the relation of patient and physician between the parties hereto. No one can think that defendant thereby intended to treat plaintiff by or through Dr. McGrath, a perfect stranger to defendant. Surely, Dr. McGrath did not understand that he was to treat or prescribe for defendant's patient. Before going to Wisconsin, plaintiff's daughter, being in St. Cloud shopping, went to defendant's office and asked whether it would be safe to take her father to Wisconsin. It is claimed that this was a continuation of the treatment so as to toll the statute, but the court, rightly we think, made nothing of that incident. If ever a case of malpractice could be made out here, it is so clearly established that it could be based upon no other act than the one of the alcohol injection of December 27, 1931, and that such cause of action accrued on that day. There is no claim that the injection itself was made in an improper manner so as to necessitate treatment because of some unintentional injury resulting therefrom, such as the leaving of a sponge in the abdominal cavity in an operation for a tumor or the burning of tissues in radium application, so that treatments would be required to find or remove the sponge or to heal the burnt tissue. We think the principles approved of and stated in Schmitt v. Esser, 178 Minn. 82, 226 N. W. 196; Id. 183 Minn. 354, 236 N. W. 622, 74 A. L. R. 1312, show that if here was any malpractice it took place on December 27, 1931, and the cause of action accrued then, and that nothing by way of treatment or otherwise has since tolled the running of the statute. Bush v. Cress, 178 Minn. 482, 227 N. W. 432, is an example of an employment of a physician for a continuing period, attending a woman in childbirth, which of course meant not only the service at the delivery, but such subsequent treatment and care as is usually required, and

134

negligence at any time,during the period of attendance will furnish a cause of action which accrues when the attendance ends. Peteler v. Robinson, 81 Utah, 535, 17 P. (2d) 244, cited by plaintiff, was a case of continual attendance by a physician for related ailments.

The court correctly ordered judgment to be entered for defendant on the ground that the cause of action was barred by the statute of limitations.

The judgment is affirmed.