[1] Reported in 267 N.W. 473.
Appeal by J.W. Koetter, the guardian of Margaretha Hoffman, from a judgment of the district court of Stearns county surcharging his account as guardian and reducing the amount of his compensation as such guardian. Upon hearing had in the probate court of said county, the guardian's accounts had been approved, except that a small reduction was made as to the guardian's compensation. On appeal to the district court, that court, after hearing the evidence, made findings of fact and conclusions of law surcharging the guardian's account with the sum of $2,500, being the amount invested by him in a second mortgage upon certain real estate of George Hoffman. The district court also made a further reduction of the guardian's compensation for services and expenses. The guardian made a motion for a new trial on the ground of newly discovered evidence, which motion was denied. Judgment was thereafter entered in accordance with the findings of fact and conclusions of law, and this appeal followed. In this court the guardian, J.W. Koetter, is appellant, and Amelia Fredrick and Sophia Orton, who took the appeal from the probate court to the district court, are respondents, and the parties will be so referred to.
By motions to dismiss the appeal from the probate court to the district court, denied by the trial court and such denial assigned as *Page 526 
error here, the appellant raises two questions for review. First, it is claimed that the guardian's account presented to and passed upon by the probate court was "an intermediate accounting" and the order made thereon by that court was not appealable; second, that the respondents, daughters of the ward, who appeared in probate court and contested the account of the guardian, are not aggrieved parties within the meaning of the statute and not entitled to appeal from the order of the probate court.
1. The accounting here in question covered a period of some 13 years. While the account is divided into annual periods, it is essentially one continuing account covering the entire period. It was, in effect, the guardian's final account up to the time of its presentation in the probate court. The guardian filed his resignation in the probate court prior to the trial in the district court. The resignation, so far as appears, has not been accepted. On account of this litigation, it will no doubt be necessary for the guardian to file an additional account as to matters arising since the present account was filed.
If not considered as a final account, it is nevertheless well settled in this state that an order allowing or disallowing an annual or partial account of an executor or guardian, where it is made on notice and after hearing in the probate court, is an appealable order. Watson v. Watson, 65 Minn. 335, 68 N.W. 44; Kittson v. St. Paul Trust Co. 78 Minn. 325, 81 N.W. 7; Wann v. Northwestern Trust Co. 120 Minn. 493, 139 N.W. 1061; Melstrom v. Terry, 170 Minn. 338, 212 N.W. 902; In re Trusteeship Under Will of Rosenfeldt, 185 Minn. 425, 241 N.W. 573.
2. The respondents here, who are daughters of the ward, appeared in the probate court and contested the allowance of appellant's account. The ward is an old lady, a widow. She is incompetent, and appellant has been her guardian during all the time here involved. The respondents petitioned the probate court for an order requiring the guardian to file an inventory and account of the ward's property. The probate court acted on that petition and required the guardian to file such inventory and account and fixed a time for a hearing thereon. Hearing was had and an order *Page 527 
made by the probate court, as hereinbefore stated. The proceeding in the probate court was initiated by the petition of the two daughters. They appeared in that court as parties to the litigation and have since continued as parties. The district court held that they were parties aggrieved by the allowance of the guardian's account in the probate court and were entitled to appeal from the order made by the probate court. The ward, being old in years and under guardianship because of imperfection and failure of mental faculties, cannot herself make any disposition of her property or take any appeal. Her daughters, as heirs expectant, would seem to have a very real present interest in the proper conservation and care of the ward's estate. If the ward's property is squandered so that she becomes dependent, her children are under the statutory duty of providing for her support. Where there is conflict between the interests of the ward and the guardian, such as in this case, the guardian cannot properly represent both himself and the ward. In such cases there should be someone to represent the ward and care for his or her interests. Under our probate code, as it stood at the time of the hearing and decision in the probate court and at the time of the trial and decision in the district court, there was no provision for the appointment of a special guardian to represent the ward in the situation here shown. Such a provision was inserted in the revised probate code enacted in 1935. In the case of the guardianship of a minor it may not be important. In that case the minor will become of age in due time and be in a position to require the guardian to account.
Not many cases can be found passing upon the question of who is a party aggrieved in the same or a similar fact situation as here presented. No decision by this court of the question, on similar facts, has been called to our attention. The general rule appears to be that a party aggrieved is one who has been denied some personal or property right, or upon whom has been imposed some burden or obligation by the order or decree appealed from. 3 C. J. pp. 632, 633, § 493. There are various other definitions. In State ex rel. Amy v. Bazille, 81 Minn. 370,371, 84 N.W. 120, it is said: *Page 528 
"It may be conceded that the relatives of young children have a deep interest in their welfare, and are proper parties to be heard on the application for appointment of their guardians. The natural solicitude of relatives would seem to demand that an opportunity be given, by reasonable notice, for all such parties to be present, and take part in the hearing."
In that case there was in affirmance here on the ground that the appellants, sisters of the minor's mother, had not appeared or opposed the order made by the probate court, and that the statute did not require any notice of the application for the appointment of the guardian.
"Therefore, conceding that the appellants were interested in the welfare of the child, and in that sense were aggrieved parties, yet they were not entitled to in appeal from the order."
That case is not direct authority here, but indicates to some extent the consideration given to the rights of near relatives of the ward in the matter of the appointment and accounting of a guardian.
In Massachusetts the state supreme court has directly held that the heir expectant is a person aggrieved and entitled to appeal from an order allowing a guardian's account. Boynton v. Dyer, 18 Pick. (Mass.) 1; Robinson v. Dayton, 190 Mass. 459,77 N.E. 503. The case of Lawless v. Reagan, 128 Mass. 592, while decided on other grounds, repeats the holding in Boynton v. Dyer with approval. In the case of Hayden v. Keown,232 Mass. 259, 122 N.E. 264, cited by appellant, the appellant was neither a creditor nor heir expectant, and the case passes on no question as to the rights of such an heir to appeal. There are decisions in other states seemingly in conflict with the Massachusetts decisions.
In the case of Bowman v. Callahan, 137 Ky. 773,127 S.W. 142, Mary P. Bowman brought suit as next friend of all alleged incompetent, in the chancery branch of the circuit court; to set aside a deed given by the incompetent. Mary P. Bowman appealed from dismissal of the suit. On motion to dismiss the appeal, the court held that she had the right to institute the suit, and, being properly a party thereto, had the right to appeal. The case is not *Page 529 
authority in the present litigation because no statute of Kentucky is referred to limiting the appeal to a party aggrieved.
It is the general rule in guardianship matters that where the interests of the guardian conflict with the interests of his ward a next friend may sue or institute actions or proceedings, or defend same for and on behalf of the ward. The right of the next friend to appeal from an adverse decision in such cases necessarily follows. Isle v. Cranby, 199 Ill. 39,64 N.E. 1065, 64 L.R.A. 513; Barron v. City of Lexington, 32 Ky. L. Rep. 92, 105 S.W. 395; In re Paca, 140 Md. 45, 116 A. 847; Norcom v. Rogers, 16 N.J. Eq. 484; Howard v. Landsberg,108 Va. 161, 60 S.E. 769: Marx v. Rowlands, 59 Wis. 110,17 N.W. 687; 32 C. J. p. 771, § 589; see note 6 to Isle v. Cranby, on p. 533, of 64 L.R.A. In the present case the two daughters of the ward did not expressly allege or state that the proceeding for an accounting was instituted and carried on by them as next friend for and on behalf of the ward. It is clear, however, that the proceeding for an accounting was instituted and carried on, and appealed to the district court, by the daughters in behalf of and for the benefit of the ward as well as for the purpose of protecting their own interests. This court has not been technical as to the title or the parties named as plaintiffs or appellants in guardianship matters. So, where a guardian brings suit in his own name, instead of in the name of his ward, by him as guardian, the defect has been disregarded when it appeared that the action was solely in the interest of the ward. Perine v. Grand Lodge, 48 Minn. 82,50 N.W. 1022; Richardson v. Kotek, 123 Minn. 360, 143 N.W. 973; and see In re Estate of Peterson, 197 Minn. 344, 267 N.W. 213, as to appeal by an executor. If it were held that these daughters were not personally parties aggrieved, then the litigation would appear to be solely for the benefit of the ward. In that situation, why should not tile daughters be held to be in the same position as if they had designated themselves as next friend of the ward and instituted and carried on the litigation in the name of the ward, by themselves as next friend? It should be noted in that connection that no objection was interposed in the probate court to the appearance of the daughters and their attorney in opposing and contesting *Page 530 
the guardian's account. The conclusion reached is that these respondents had the right to appeal from the probate court to the district court and that the district court did not err in denying the motion to dismiss the appeal.
3. On the merits, there are only two items of the guardian's account now in dispute. The first is an item of $2,500 invested by the guardian in a George Hoffman real estate mortgage and note, which the district court disallowed and charged to the guardian as cash on hand. The court also charged the guardian with interest at four per cent per annum on this amount. From the account it appears that the last interest payment on this mortgage was credited on November 11, 1929, and it may be assumed that the four per cent interest charged was intended to commence at that time.
In considering this mortgage matter, a brief statement of the facts relating thereto may be made. It appears that appellant was the administrator of the estate of Peter Hoffman, the ward's deceased husband, who died some time prior to 1920, and that the property involved in the guardianship came to the ward as her inheritance from her deceased husband. Under the final decree in the Peter Hoffman estate there was assigned to the ward, Margaretha Hoffman, as her share and inheritance, the sum of $16,174.98 in cash, reported by the administrator to be in his hands. The final decree in the Peter Hoffman estate was made October 20, 1920. Appellant was appointed as guardian on November 12, 1920. It further appears that on June 24, 1920, before the estate of Peter Hoffman was closed and before appellant was appointed as guardian, there was executed and delivered to appellant, J.W. Koetter, a real estate mortgage and note for $3,000 due March 1, 1925. The mortgage and note were not taken to him as administrator. His final account as administrator did not show any such mortgage and note as being an asset of the estate. The mortgage was recorded December 16, 1920. There is no showing that this mortgage and note were ever assigned to Margaretha Hoffman or to anyone. At that time and for many years continuously thereafter, the appellant was engaged in the banking business and was an employe of one of the local banks and for a time was the cashier of the other local *Page 531 
bank. When he became guardian of Margaretha he seems to have in some way taken over this mortgage as an asset of the guardianship funds. In his inventory of the guardianship estate and his first annual account, which inventory and account were not made nor filed in the probate court until August 4, 1933, he credits himself with this $3,000 mortgage and note as an asset of the ward's estate. True, he testified that Margaretha, some time before she was placed under guardianship, consented to have this mortgage and note taken for her. But at the time the mortgage was made she had not received any funds from her husband's estate. He also testified that the name of the mortgagee was left blank at the time the mortgage was made and that his name must have been later inserted therein as mortgagee by someone in the bank. In any event, when recorded in December of that year, his name appeared therein as the mortgagee. On June 23, 1925, there appears in the guardian's account a credit of $3,000 as payment in full of the Hoffman note and a credit of $251.78 as interest paid in full. This is the indebtedness secured by the $3,000 mortgage. On the same day there is a charge to the ward in the account of $2,500 as "George Hoffman, new loan and mortgage." This is the item disallowed by the district court. In his testimony appellant said that when he took the $3,000 mortgage in 1920 he believed it was a safe investment, but that at the time the $2,500 mortgage was taken it was not a safe investment. No doubt the $2,500 mortgage was taken as a payment to that extent on the prior $3,000 mortgage, but whether the prior mortgage ever became or was properly a part of the ward's property is at least a question of fact. No facts are shown which would authorize the appellant to make a loan of the ward's fund or to take for her a $2,500 mortgage in 1925 which he knew was unsafe. We have not overlooked the fact that in his accounts as presented in 1933 appellant has credited the account with interest payments on the $3,000 up to the time the new mortgage was made. It should be noted also that these mortgages were second mortgages and subject to a first mortgage of $5,000 on the property, held by an insurance company. *Page 532 
There are other facts shown which go to sustain the findings and conclusions of the trial court. Appellant was the guardian of Mrs. Hoffman for nearly 13 years, up to the time this proceeding was instituted. He filed no inventory of the ward's estate and no annual or other account, as required by statute, until required so to do by the probate court at the end of that period, on the petition of these respondents. Investment by a guardian of funds of his ward in a second mortgage on real estate subject to a first mortgage will generally be held wholly at his own risk, unless expressly authorized by the probate court. Appellant made no application to the probate court for such authority. He testified that he kept no books of his transactions as guardian except the account of deposits and withdrawals in the bank, kept by the bank. He was a businessman and banker. He testified that he invested another $2,500 of the ward's money in some real estate at Chatfield and lost that money, and that he personally replaced the amount in the guardianship account. His accounts, as rendered, fail to show any debit or credit, or any money so withdrawn or repaid from the guardianship funds, on account of any such investment. The district court was well justified in finding and concluding that the investment in the George Hoffman mortgage and note was unauthorized and improper and negligently made, and that the guardian should be charged with the amount thereof with interest. If there is any remaining value in the George Hoffman mortgage and note the guardian will be entitled to the mortgage and note on payment into the guardianship fund, or to the new guardian to be appointed, of the amount unpaid on the note and mortgage. That will follow as a matter of course without any amendment of the findings and conclusions of the district court.
4. The second item in dispute is as to the compensation of the guardian for services. The district court reduced the amount allowed for such services by the probate court. Without going into detail, it is sufficient to say that the fact situation here shown is such that the court would have been justified in denying any compensation, or it could, as it did, allow such amount as in its judgment and discretion was proper. No abuse of discretion is shown. *Page 533 
There was no property to look after except the comparatively small amount of money received from the Peter Hoffman estate, and the guardian apparently handled that as a banker and in the bank. The bank paid four per cent interest on the money on deposit.
5. The motion for a new trial on the ground of newly discovered evidence was properly denied. The new discovered evidence was some bank ledger sheets which were claimed to have been lost and rediscovered shortly after the trial. The court was not satisfied that the ledger sheets could not have been found and produced at the trial if diligence had been used. That aside, the ledger sheets, made part of the return here, do not show anything of value on the questions presented for review.
6. There is error assigned on the reception in evidence of a conversation between appellant and the respondents as to the fees to be charged by appellant if he were appointed as guardian. The appellant knew at that time the kind and extent of the property to be handled, and the evidence tended to show his own estimate as to the value of his services. Nothing is shown which afterwards increased the amount or difficulty of services required in handling the estate. He admitted in his testimony that he may have made substantially the statement complained of. We find no error.
The judgment appealed from is affirmed. *Page 534