## IN RE ESTATE OF FLORA WOODWORTH.[1]

May 24, 1940.

No. 32,415.

*Christensen & Ronken* and *Frank G. Newhouse,* for appellant.
*Daniel F. Foley,* for respondent Fidelity & Deposit Company of Maryland.

[1]Reported in 292 N. W. 192.

*Sawyer & Sawyer* and *Bailey, Voorhees, Woods & Bottum,* for respondents Horace Fishback, Jr. and Hartford Accident & Indemnity Company.

HOLT, JUSTICE.

The appeal is from the judgment of the district court affirming an order of the probate court of Olmsted county denying appellant's motion to vacate the order of said probate court of September 29, 1933, allowing the final account of Horace Fishback, the former executor of the estate of Flora Woodworth, filed and presented by the representatives of the estate of said Horace Fishback, deceased.

The short facts which control the decision of the appeal may be thus stated: In 1925 Flora Woodworth died testate, a resident of Rochester, this state. Horace Fishback was appointed executor of the estate by the probate court of Olmsted county in 1926. He qualified, the respondent the Fidelity & Deposit Company of Maryland going his bond. He filed an inventory of the estate the same year. In 1929 he died without having completed the administration of the rather large estate. At the time of his death he was a resident of Brookings county, South Dakota. He died testate, and his two sons, Van D. Fishback and Horace Fishback, Jr., were duly appointed executors of his estate by the probate court of said Brookings county, and, in behalf of their father as his representatives, they filed his final account as executor of the estate of Flora Woodworth, deceased, in the probate court of Olmsted county, May 19, 1933, asking for its allowance. Objections to this account were filed by one of the legatees, Roy W. Hammond, asking that it be surcharged several thousands of dollars, because of alleged fraud and concealment by the deceased executor in respect to the assets of the estate. (It also appears that Van D. Fishback, after his father's death, was appointed administrator *de bonis non* of the estate of Flora Woodworth, deceased, by the probate court of Olmsted county, and that he, on July 21, 1933, filed an account of his administration at the request of said Roy W. Hammond. That account also was objected to,

but it is not involved in this appeal, and the first 41 pages of the printed record are out of place here.) The hearing on the final account of the late executor, Horace Fishback, was continued from time to time until finally submitted June 29, 1933. On September 29, 1933, the court filed its order adjusting and allowing said account, the order ending thus:

"As conclusion from the foregoing facts it is hereby ordered and adjudged that said account as adjusted and modified as herein indicated be and the same hereby is settled and allowed as and for the final account of the administration of said Horace Fishback, the former representative of said estate.

"Dated September 29, 1933.

"By the Court
"Bunn T. Willson
"Judge of Probate Court."

October 31, 1937, Van D. Fishback died, and in December, following, appellant was appointed and qualified as administrator *de bonis non* of the estate of Flora Woodworth. Thereupon he moved the probate court of Olmsted county to vacate and set aside its order of September 29, 1933. The motion was denied, and on appeal to the district court the action of the probate court was affirmed by the judgment now appealed from.

In the probate court as well as in the district court respondents appeared specially and objected to the jurisdiction of the courts for various reasons. We need not state or consider these objections, since it is plain that the district court entertained and decided, on the merits, appellant's motion to vacate and set aside the order of September 29, 1933.

The two assignments of error may be considered under the second one, *viz.:* The court erred in that the order for judgment herein is not justified by the statements of fact and law filed by the respective parties hereto. The chief legal proposition advanced by appellant is that the probate court, having once obtained jurisdiction of an estate, the proceeding is *in rem,* and until final decree of distribution is rendered no order entered in the pro-

ceeding is final so as to deprive the court of power or jurisdiction to vacate or alter the same. So far as having and retaining jurisdiction of the estate is concerned, it is conceded and is true; but there are matters, as between the estate and third persons, presented and determined by orders in the proceeding that become final and binding if not appealed from, and that without regard to when the final decree of distribution is rendered. A claim filed against the estate is by an order allowed or disallowed, and, unless appealed from within the specified time, remains a final adjudication as between the estate and the claimant. Such is also an order allowing a final account of a representative of the estate. Likewise an order confirming a sale of real estate by the representative to pay debts. More than 60 years ago it was held in State ex rel. Prendergast v. Probate Court, 19 Minn. 85 (117), that an order confirming such a sale exhausted the jurisdiction of the probate court as to that matter, and after the time had expired for questioning the order by appeal or otherwise this court issued its writ prohibiting the probate court from entertaining an application to vacate the order of confirmation. In re Estate of Mahoney, 195 Minn. 431, 263 N. W. 465, involved an order authorizing the representative of the estate to mortgage lands of the estate, as provided by statute, and such order was held final and could not be vacated by the probate court, after the time for appeal had expired, except for cause sufficient to vacate a final decree.

That an order adjusting and allowing the final account of the representative of an estate of a deceased person is in effect a judgment binding as between the representative and the estate is firmly established in this court. In re Estate of Simon, 187 Minn. 399, 246 N. W. 31, 33. There, as here, the final account adjusted and allowed by the order of the probate court was one presented by the representative of the deceased representative of the estate involved, and the court said [187 Minn. 404]: "Such an order is final and stands as a judgment." This applies even to orders allowing intermediate accounts. Melstrom v. Terry, 170 Minn. 338, 212 N. W. 902. In the cases cited in In re Estate of

Simon, 187 Minn. 399, 246 N. W. 31, the order allowing a final account of the representative of an estate is spoken of and considered as a judgment or equivalent thereto. It adjudges the amount due from the executor or administrator to the estate. Horace Fishback's office as executor terminated with his death, and the duty to make final account of his administration then devolved upon the representatives of his estate. They did so, and by the order of September 29, 1933, the probate court determined the amount due the estate of Flora Woodworth from Horace Fishback and the Fidelity & Deposit Company of Maryland, his bondsman. No appeal was taken from the order. But now, more than four years after the order of September 29, 1933, was entered, appellant moved the court to vacate the same. The motion is not on the ground of any mistake of the court or clerk in the wording of the order. The probate courts have the same power and authority to vacate their orders and judgments as the district courts, but no greater. It is not necessary to refer to other decisions than those already referred to. However, upon such an order an action may be predicated as on a formal judgment, and it binds the bondsman of the representative whose account is allowed although not cited personally to appear at the hearing. First T. & S. Bank v. U. S. F. & G. Co. 156 Minn. 231, 194 N. W. 376.

The motion to vacate the order of September 29, 1933, could only be made under 2 Mason Minn. St. 1927, § 9283, or under § 9405 thereof. It could not come within the first section for it was not in time. Appellant must stand in the shoes of the heirs and legatees, and they must be charged with full knowledge of what the inventory and the filed final account disclosed. Therein appears all the purported mortgages and other matters upon which appellant predicates his motion. Certainly the legatee, Hammond, who appeared and filed written objections asking the account to be surcharged, cannot plead ignorance of what the files then disclosed.

As to § 9405, as construed by this court from the early case of Hass v. Billings, 42 Minn. 63, 43 N. W. 797, it has been held

that the perjury or fraud must be something that occurs outside of the trial and prevents the other party from participating in the trial or induces him to not appear and present his defense or objections. It is clear that the final account filed May 19, 1933, taken in connection with the inventory, disclosed every mortgage which furnished a basis for the motion to vacate the order of September 29, 1933. The final account as filed presented every specific item for adjudication that is now sought to be attacked by the motion to vacate. Perjury or fraud in establishing such items cannot be reached under said § 9405. It is enough to refer to In re Estate of Jordan, 199 Minn. 53, 271 N. W. 104, 107, and our prior cases there cited on p. 60. There it was stated:

"This court has consistently held that no judgment may be vacated for fraud under § 9405, or otherwise, after the lapse of one year from notice of entry, unless the fraud be such as to affect the jurisdiction of the court or prevent a party from appearing or presenting his defense."

Here a legatee appeared, filed written objections, and the account, after full hearing upon the objections and ample time for consideration, was adjusted and allowed. We think the district court did not err when upon the files and records it denied appellant's motion to vacate the order of the probate court made and filed September 29, 1933.

Judgment is affirmed.