### LOWE v. PIONEER THRESHING CO. et al.

(Circuit Court, D. Minnesota. November 29, 1895.)

1. CORPORATIONS—MANAGEMENT—INTERFERENCE BY COURT.
   A court will not interfere in the internal policy and management of a corporation, unless it is manifest that it is about to exceed its corporate powers, and do an act in fraud of the rights of stockholders.

2. SAME—PURCHASING STOCK—DISPOSITION OF ASSETS.
   The stockholders of a corporation, by the vote of a majority, from which a minority dissented, authorized the directors to buy the stock of certain stockholders, and pay therefor in plant, machinery, etc., constituting nearly all the assets and property of the corporation. Held that, although, in the absence of statutory prohibition, the corporation might buy its own stock, at least with its profits, and with the consent of the stockholders, the proposed action would be in fraud of the rights of the dissenting stockholders, and should be enjoined.

This was an action by Henry B. Lowe against the Pioneer Threshing Company and W. E. Blodget and others, its directors, for an injunction and receiver.

Merrick & Merrick, for complainant.

Geo. N. Baxter, for defendants.

NELSON, District Judge. Upon full examination of the bill, the accompanying affidavits, and those presented in rebuttal, I am

satisfied that there is no sufficient reason for the appointment of a receiver. The corporation of which complainant is a stockholder was overcapitalized at the outset of its organization, and it appears to have at this time nearly as large an amount of assets in value as it had when the removal was effected from Minneapolis to Faribault. A court will not interfere in the internal policy and management and control of a corporation, unless it is manifest that it is about to exceed its corporate powers, and do an act which would be in fraud of the rights of stockholders. The records of the corporation show that on June 25, 1895, at a stockholders' meeting, the following resolution was proposed and adopted, three persons representing stock voting in the negative:

"Resolved, that we, the stockholders of the Pioneer Threshing Company, do hereby instruct the board of directors elect to take the following action, at any time after this meeting, during their term of office, if in their judgment they deem such action advisable: (1) To buy from the resident stockholders of Faribault, and those joining with them, the stock issued on account of removal of the business of the company from Minneapolis, and pay therefor in plant, machinery, etc., property or assets of the company."

It is a mooted question in this country as to whether a corporation may purchase shares of its own stock. Many states forbid it. In the absence of a charter prohibition or a statute forbidding it, there is no reason why the stock should not be purchased, at least with the profits derived from the business of the corporation, where all the stockholders assent thereto. The tendency of the decisions in the state of Minnesota is on this line. See State v. Minnesota Thresher Manuf'g Co., 40 Minn. 227, 41 N. W. 1020. But in the case at bar the purchase of the stock was to be made by a transfer of nearly all the assets and property of the corporation to a few favored stockholders, and, evidently, there would be no equal exchange in value. This, it seems to me, would be in fraud of the rights of the minority stockholders, who protested against the resolution to make this purchase of stock. I shall therefore refuse the motion for the appointment of a receiver, but shall order an injunction, restraining the directors from carrying out the plan contemplated by the resolution of June 25, 1895.

A decree will be entered accordingly.