CONVERSE v. GARDNER GOVERNOR CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909.)

No. 1,545.

1. CORPORATIONS (§ 77*)—SUBSCRIPTION TO STOCK—IMPLIED CONDITIONS.

In general, it is an implied condition of a subscription to the stock of a corporation that it shall not become binding and enforceable until the full amount of the capital stock of the corporation has been subscribed, although such condition may be waived, either expressly or by implication from the acts or declarations of the subscriber.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 229; Dec. Dig. § 77.*]

2. CORPORATIONS (§ 77*) — SUBSCRIPTION TO STOCK — IMPLIED CONDITION—WAIVER.

The fact that a creditor of an insolvent corporation accepted in payment of its debt preferred stock of a reorganized corporation and retained the same for a number of years, until the new corporation became insolvent, where it took no part in the organization or management of such corporation, was not a waiver of its right to deny liability for an assessment made against it as a stockholder under a double liability statute, on the ground that the capital of the corporation was never fully subscribed or paid in.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 77.*]

**8. CORPORATIONS (§ 377*)—LIABILITY ON ULTRA VIRES CONTRACT—SUBSCRIP·**
**TION TO STOCK OF ANOTHER CORPORATION.**

A manufacturing corporation, organized under the law of Illinois, having no power under its charter to invest in the capital stock of another corporation, cannot be held liable as a stockholder in a corporation of another state, although it acquired the stock in payment of a pre-existing debt for merchandise sold by it in the course of its regular business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1531–1534; Dec. Dig. § 377.*

Acquisition by corporation of stock of other corporation, see note to Anglo-American Land, M. & A. Co. v. Lombard, 68 C. C. A. 120.]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action by Theodore R. Converse, receiver of the Minnesota Thresher Manufacturing Company, against the Gardner Governor Company. Judgment for defendant on demurrer, and plaintiff brings error. Affirmed.

The plaintiff in error, as receiver of the Minnesota Thresher Manufacturing Company, a Minnesota corporation (hereinafter called the Thresher Company), brought this action in the court below against the defendant in error, an Illinois corporation, to enforce an alleged stockholder's liability under the Constitution and statutes of Minnesota. The declaration is in two counts, the first upon an assessment of 36 per cent. and the second upon an assessment of 64 per cent. levied against 94 shares of the capital stock of the Thresher Company, alleged to be owned by the Gardner Governor Company. The Circuit Court sustained a demurrer to the declaration, and, the plaintiff in error declining to plead further, judgment was entered for the defendant. The errors assigned question the ruling on demurrer. The facts averred in the declaration are in substance as follows:

For some time prior to May, 1884, the Gardner Governor Company was "engaged in business in the state of Illinois as a corporation; that in the course of its regular business it extended credit for goods, wares, and merchandise manufactured and sold by it to the Northwestern Manufacturing & Car Company" (hereinafter called the Northwestern Company), a Minnesota corporation engaged in manufacturing. The Northwestern Company became insolvent, and a receiver was appointed for it by the district court of Washington county, Minn. Pursuant to notice and order of that court the Gardner Governor Company proved its claim to the amount of $4,706.39, which was duly allowed. While the property of the Northwestern Company was still in the hands of said receiver, the creditors of that company, including the Gardner Governor Company, "for the sole purpose of enabling the said creditors to save the debts held by them, respectively, against said Northwestern Company, and for no other reason or purpose," prepared and agreed to a plan of reorganization of the business of the Northwestern Company, consisting of the incorporation of a new corporation, the issuance of preferred stock to the several creditors in exchange for, and to the par amount of, their respective claims, and the purchase by such new corporation of the property and assets of the Northwestern Company at judicial sale.

Pursuant to said plan of reorganization the Thresher Company was incorporated on November 26, 1884, under the laws of Minnesota; the objects for which said corporation was formed being "the purchase of the capital stock, evidences of indebtedness issued by, and the assets of the Northwestern Manufacturing & Car Company, a corporation existing under the laws of Minnesota, or any portion of said capital stock, evidences of indebtedness, or assets, and the manufacture and sale of steam engines, and all kinds of farm implements, machinery of all kinds, and the manufacture and sale of all articles, implements, and machinery of which wood and iron, or either of them, form the principal component parts, and the manufacture of materials therein

used." The capital stock of the Thresher Company provided by the articles of incorporation was the sum of $7,000,000, of which $4,000,000, or 80,000 shares of $50 each, were preferred stock, and $3,000,000, or 60,000 shares of $50 each, were common stock; that there were issued and outstanding 27,967 shares of preferred stock and 42,594 shares of common stock, which issued and outstanding shares of preferred and common stock were duly subscribed and paid for in full with the understanding and agreement by and between the stockholders that said Thresher Company was to commence business as soon as it could acquire the property and plant of the Northwestern Company. It is further averred that "there never was any understanding or agreement of any sort or nature between the defendant and the other stockholders, or any of them, or between the defendant and the Thresher Company, that the commencement of business by said Thresher Company should be postponed until such time as all of the stock of said Thresher Company should be subscribed for, and there was no understanding or agreement of any kind had or entered into by and between the defendant and the other stockholders, or any of them, or between the defendant and the Thresher Company, that all of the stock of said Thresher Company should at any time be subscribed for."

The Gardner Governor Company assigned its claim, pursuant to the plan of reorganization, to the Thresher Company, and received in exchange 94 shares of the preferred stock and $6.39 of the scrip of said Thresher Company; and every share of the preferred stock of said Thresher Company at any time outstanding was issued to such creditors of the Northwestern Company in exchange for their respective claims, and not otherwise. The Thresher Company purchased the plant and property of the Northwestern Company at judicial sale, and carried on the classes of business authorized by its articles until some time in 1901, when the plaintiff in error, Theodore B. Converse, was by decree of the district court of Washington county, Minn., upon a creditors' bill, duly appointed receiver of all the property, assets, rights, and interests of the Thresher Company, with the usual powers of such receiver, and the power to sue for, collect, recover, compromise, or settle any and all stockholders' liability that may exist under the Constitution and laws of Minnesota, or otherwise.

In the receivership of the Thresher Company claims to the amount of $443,752.17 were allowed, and, the corporate assets being insufficient to pay the same, the Minnesota court, acting under the provisions of chapter 272, p. 315, Gen. Laws Minn. 1899, and sections 3184 and 3188, Rev. Laws Minn. 1905, ordered the assessments of 36 per cent. and 64 per cent. upon all holders and owners of the capital stock of the Thresher Company. Notice and certified copies of the orders, and demand for payment were duly made upon the defendant in error as required by the Minnesota statute, and upon failure to pay the assessments this action was commenced.

R. H. McAnulty, for plaintiff in error.
John E. Nall, for defendant in error.

Before GROSSCUP and BAKER, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge (after stating the facts as above). Two grounds are urged by defendant in error in support of the ruling below. It is insisted, first, that, the full amount of the capital stock of the Thresher Company not having been subscribed, the contract of subscription of defendant in error never became enforceable, and, for the same reason, the additional liability provided by the Minnesota Constitution did not attach; and, second, that the act of defendant in error in subscribing for and taking stock in the Thresher Company was ultra vires the defendant in error, and therefore void. We will consider these propositions in their order.

1. "It is a general rule that all subscriptions are made upon the

implied, if not express, condition that they shall become binding and enforceable only upon the entire capital stock of the corporation being subscribed for; hence, in an action against a subscriber, it is usually a complete defense that the capital stock has not been fully subscribed." 26 Am. & Eng. Ency. of Law, 934, and cases cited. In Masonic Temple Association of Minneapolis v. Channell, 43 Minn. 353, 45 N. W. 716, the Supreme Court of Minnesota announced the general doctrine in the following words:

"The chief matter of defense was that the whole capital stock of the plaintiff has not been subscribed. No question is made that at the common law, when the charter or articles of incorporation, or terms of subscription, make no different rule, payment of subscription to the capital stock of a corporation cannot be required until the whole amount of stock has been subscribed. * * * It is therefore implied in the contract of subscription, as a condition precedent to its being of force, that the entire amount of stock shall be subscribed for."

Plaintiff in error does not dispute the rule as above stated, but contends that the subscribers may agree among themselves to waive the rule that all the capital stock should be subscribed for, and that the subscribers to the stock of the Thresher Company, including defendant in error, did thus agree, and, further, that defendant in error by its agreement to take the stock, and by taking and holding certificates for shares of the stock for more than 20 years, is estopped from now urging this defense. It is well settled that a subscriber to stock may waive the defense that the full capital stock of the corporation has not been subscribed. This waiver may be either express or implied from the acts or declaration of the subscriber. Cook on Corporations (5th Ed.) § 181. The agreement relied upon by the plaintiff in error as a waiver is averred in the declaration as follows:

"That the number of shares of said stock outstanding, as herein alleged, was duly subscribed for and paid for in full, with the understanding and agreement by and between the stockholders that said Thresher Company was to commence business as soon as it could acquire the property of the Northwestern Manufacturing & Car Company, including the manufacturing plant owned by said company, and which at the date of the organization of said Thresher Company was in the hands of and being operated by the receiver of said Northwestern Manufacturing & Car Company; that there was never any understanding or agreement of any sort or nature between the defendant and the other stockholders, or any of them, or between the defendant and the Thresher Company, that the commencement of business by said Thresher Company should be postponed until such time as all of the stock of said Thresher Company should be subscribed for."

This falls far short of an averment that the defendant in error expressly agreed to waive the rule that all the capital stock should be subscribed for. Nor is there any sufficient averment of an implied waiver by defendant in error, or of an estoppel. So far as the averments of the declaration go, the defendant in error did nothing except to exchange its claim against the Northwestern Company for shares of preferred stock in the Thresher Company. There is no act averred of any participation in the management or conduct of the business of the Thresher Company, and no act or representation of defendant in error upon which any creditor of the Thresher Company acted or relied.

2. Was the act of defendant in error, in becoming a party to the

formation of the Thresher Company and assigning to it its claim against the Northwestern Company in exchange for the shares of preferred stock, ultra vires; and, if so, can the illegality of its act constitute a defense to the present action for the enforcement of the stockholders' liability created by the Minnesota Constitution?

It is conceded by plaintiff in error that the Gardner Governor Company was organized under the laws of Illinois as a manufacturing corporation, and that it had no power under its charter or the Illinois law to invest in the capital stock of another corporation; but it is insisted that under the facts pleaded in the declaration the stock was acquired and held as security for or in settlement of a pre-existing indebtedness, and therefore the power exercised in acquiring the stock was properly incidental to its power as a manufacturing corporation to transact business, enter into contracts, and become a creditor.

The case of First National Bank v. Converse, 200 U. S. 425, 439, 26 Sup. Ct. 306, 311, 50 L. Ed. 537, grew out of the same transactions as the case at bar. The bank was a creditor of the Northwestern Company for money loaned in the usual course of its banking business. The bank became a party to the reorganization agreement, and assigned its claim to and received in exchange therefor preferred stock of the Thresher Company in the same manner as the Gardner Governor Company did with respect to its claim for merchandise sold and delivered. The essential facts in that case are identical with the facts pleaded in the declaration here, except that a manufacturing corporation is here involved, instead of a national banking corporation. The Supreme Court of the United States held that the act of the First National Bank in acquiring the stock was ultra vires, and that there could be no recovery in a suit to enforce stockholders' liability. It is said by Mr. Justice White, who delivered the opinion of the court in that case:

"As no authority, express or implied, has ever been conferred by the statutes of the United States upon a national bank to engage in or promote a purely speculative business or adventure, accepting the view of the articles of association by which the bank was denied the benefit of the exemption accorded by the Constitution of Minnesota, it follows that the bank had no power to engage in such business by taking stock or otherwise. The power of a national bank to engage in the character of business which the articles of association of the Thresher Company manifested, as defined by the Supreme Court of Minnesota, cannot be inferred to have been possessed by the bank as an incident of securing a present loan of money or as a means of protecting itself from loss upon a pre-existing indebtedness. To concede that a national bank has ordinarily the right to take stock in another corporation as collateral for a present loan or as security for a pre-existing debt, does not imply that because a bank has lent money to a corporation it may become an organizer and take stock in a new and speculative venture; in other words, do the very thing which the previous decisions of this court held cannot be done. The speculative venture, therefore, which the bank undertook, as held by the Minnesota court, when it engaged in taking the stock in the Thresher Company, being ultra vires, it follows, under the settled rules hitherto applied by this court, that the bank, despite the subscription, was entitled to plead its want of authority as a defense to the claim of the receiver."

It was held by the court below that the decision in First National Bank v. Converse, supra, is decisive of the question raised here by demurrer. Plaintiff in error argues that the rule there applied to a

national bank is not applicable to a manufacturing corporation organized under a state statute. It is also contended that a national bank is a public, and the defendant in error a private, corporation. These contentions are without merit. The Supreme Court applied the rule to a manufacturing corporation organized under the law of New York in the case of De La Vergne Co. v. German Savings Inst., 175 U. S. 40, 20 Sup. Ct. 20, 44 L. Ed. 65, cited in First National Bank v. Converse, supra. It follows that the subscription of defendant in error was ultra vires, and unenforceable.

The decree of the Circuit Court is affirmed.