FERDINAND L. CROSS, Plaintiff, *v.* ELSA P. BEGUELIN, as Executrix, etc., of HENRY R. BEGUELIN, Deceased, and Another, Defendants, Impleaded with WILLIAM R. BRINCKERHOFF and Others, as Liquidating Committee of CROSS & BEGUELIN, INC., Defendants.

First Department, June 18, 1929.

*Bertha Rembaugh,* for the plaintiff.

*Charles Furnald Smith,* for the defendant Elsa P. Beguelin, as executrix, etc.

FINCH, J. This is a submitted controversy upon an agreed statement of facts. The question submitted for decision is the effect of section 664 of the Penal Law upon the rights of others than those for whose protection it was enacted. More specifically, whether a vendor from whom a corporation has purchased its own corporate stock may enforce the contract as to installments of the purchase price remaining unpaid when there is no corporate surplus, but also when there are no general creditors or unpaid claims except claims for salary of officers and directors who represented the corporation in the making of the contract and whose claims for salary accrued subsequent to the contract of purchase.

The facts stipulated, briefly, are as follows:

The plaintiff, the defendant William T. Cross, and the defendant Beguelin's testator, were the principal stockholders of a domestic corporation known as Cross & Beguelin. In 1920 differences arose in regard to the management and conduct of the corporation, culminating in an agreement by all concerned that the plaintiff should withdraw from all interest in the corporation and that the latter should purchase his stock. A contract was thereafter in 1920 duly entered into between the plaintiff and the corporation whereby the latter agreed to purchase plaintiff's stock for $55,000, payable in monthly installments over a period of years. Pursuant to the contract plaintiff delivered his stock to the corporation, the plaintiff's representative resigned from the corporate board of directors, and the plaintiff thereafter had no part in the affairs or management of the corporation. The corporation paid installments under the contract of purchase totaling $29,800, but defaulted in the payment due May 1, 1928, and in all subsequent payments.

At the time when the contract was made the corporation was solvent and had a surplus over all liabilities. In August, 1928, the corporation became financially embarrassed, a creditors' committee took over management and control, and in November, 1928, the business and assets were sold, all with the knowledge and consent of all the parties hereto, and with the mutual agreement that it should be without prejudice to their respective claims.

All creditors of the corporation have been paid their claims in full, with the exception of William T. Cross, who has a claim for salary in the sum of about $6,100, and of the estate of Henry R. Beguelin, which has a claim for salary due Henry R. Beguelin in the sum of about $12,000, both of which claims accrued subsequently to June 14, 1920, and Ferdinand L. Cross, the plaintiff, who has a claim under the aforesaid contract of purchase for installments due of $4,200, and for installments to become due of the aggregate agreed value as of June 1, 1929, of $21,609.

The balance of all the corporate assets remaining after the payment of general creditors as aforesaid are in the hands of a committee composed of the impleaded defendants, but these assets are insufficient to pay in full the three last-mentioned claimants.

The question submitted is whether or not the plaintiff's claim, under the foregoing facts, is valid and he should participate *pro rata* with the remaining creditors of the corporation in the funds held by the liquidating committee.

The answer to this question depends, first, upon whether the contract relied upon is void or voidable. There is no inherent lack of power in a corporation to purchase its own stock, and in the absence of statutory inhibition, a contract made by a corporation for the

:chase of its own stock is a valid contract. (1 Cook Corp. [8th ed.] ,11.)

The Legislature of this State indirectly has placed a limitation on the performance, but has not seen fit to forbid the making, of :h contracts. By section 664 of the Penal Law (as amd. by Laws 1924, chap. 221) it is provided: " A director of a stock corpora->n, who concurs in any vote or act of the directors of such corpora->n, or any of them, by which it is intended: * * * 5. To >ply any portion of the funds of such corporation, except surplus, .rectly or indirectly, to the purchase of shares of its own stock, ; guilty of a misdemeanor." The word "surplus" was substi-ited for the term "surplus profits" by the amendment of 1924. 'he inherent right in a corporation to purchase its own stock was ot taken away by this section. As was said by Judge HAIGHT oncerning such a contract in *Richards* v. *Wiener Co.* (207 N. Y. ,9): " The contract itself, therefore, was perfectly legal subject to :ertain limitations upon its enforcibility. If when the time came lefendant had a sufficient surplus the contract would be enforced. [f it had not the contract could not be enforced."

From the foregoing it appears that the contract when made was valid. It remains only to determine whether by reason of section 664 of the Penal Law, above quoted, the plaintiff's claim may not be enforced against the residue of the corporate assets because such assets do not constitute surplus profits or surplus of the corporation.

The underlying reason for the enactment of the aforesaid section is to exercise a limited protection over the paid-in capital of the corporation for the benefit of its creditors who became such in reliance upon said capital. If there are no creditors whose rights are infringed, the reason for the statutory restriction fails. As was said in *Matter of Fechheimer Fishel Co.* (212 Fed. 357, 361): " But the clear weight of authority upholds the right of a corpora-tion to buy its own stock if the purchase is made in good faith and does not prejudice the rights of creditors."

In the case at bar, as above noted, the claims of all creditors except those of the parties hereto have been satisfied. The con-tract has been fully executed by the plaintiff, and the corporation has received the full consideration for which it contracted to pay. The claims of the other claimants arose subsequent to that of the plaintiff and with full knowledge of the plaintiff's rights under the contract, in the making of which these claimants participated. Under such circumstances these claimants are not within the class for whose benefit section 664 of the Penal Law was enacted, and, further, are estopped by all the circumstances of the transaction from asserting this alleged invalidity in plaintiff's claim, since

these claimants together with the corporation have receiv|ll the benefits provided by the contract, and cannot restore the ₁- tiff to his former position.

It follows that plaintiff is entitled to judgment declaring the has a valid claim for the balance due under the contract, and s|d participate *pro rata* with the remaining creditors of the corporn in the funds held or to be held by the liquidating committee, witt costs to either party.

MERRELL and PROSKAUER, JJ., concur; DOWLING, P. J.; 1 McAVOY, J., dissent.

Judgment directed in favor of plaintiff in accordance with opin, without costs to either party. Settle order on notice.