O'BRIEN MERCANTILE COMPANY v. BAY LAKE FRUIT GROWERS ASSOCIATION AND ANOTHER. L. P. HALL, APPELLANT.[1]

July 19, 1929.

No. 27,356.

[1]Reported in 226 N. W. 513.

*Wieland & Sullivan, Clark & Larson* and *Per M. Larson,* for appellant.

*Ryan, Ryan & Ryan* and *Courtney & Courtney,* for respondent receiver.

WILSON, C. J.

The appeal is from an order disallowing two claims of appellant.

The Bay Lake Fruit Growers Association was a corporation. It borrowed money to use in its business. In 1918 it conceived the idea of raising money through its stockholders. In the minutes of the annual meeting of January 12, 1920, is this statement:

"Amendment to the by-laws.

"Resolved that the by-laws of this corporation be and hereby are amended so as to provide that no person shall own more than twenty shares of the capital stock of this corporation of the par value of ten dollars each."

The minutes failed to show that the resolution was adopted. In the minutes of the board of directors for October 18, 1921, is this record:

"Isac Christenson stated that he owns ninety-five shares of stock and would like to cash in all except twenty shares so as to be on the same basis as the majority of the members; stating he was willing to accept our note if that would be better for the association. He was told that his investment over and above the twenty shares was drawing eight per cent interest (although same had not yet been paid him) and that on the twenty shares he stood the same chance as the other members as to dividends and so forth. Board agreed to take up Isac Christenson stock except the twenty shares as soon as convenient and that any interest due him be paid at once. This was amended so as to include all stockholders who held more than twenty shares. On motion this was duly carried."

Some of the stockholders did advance money to the corporation. Stock was issued therefor. It was put upon the books the same as other stock. Yet returns on this stock under the name of interest at eight per cent was paid the holders. The first 20 shares were not so favored. The parties among themselves classed the additional stock as security for a loan.

One Christenson agreed to take $500 for the new stock. Appellant loaned him the $500 and took Christenson's new stock to secure the loan.

Appellant furnished the corporation $2,550 and received a stock certificate therefor. In December, 1921, he surrendered his certificate and received the note of the corporation for $2,550. He had in January, 1920, received another note of $500 for the Christenson stock. These two notes constitute the claims which have been filed and disallowed.

■ The claim is that the stock transactions in excess of 20 shares were mere loans. The receiver says they were purchases of stock. Whatever may be said as to the insufficiency of the record because of no showing that the resolution was in truth adopted, the fact remains that all the parties acted on the theory that it had been adopted. They obviously thought so. As between the parties concerning the internal affairs of the corporation, we see no reason why the transactions were not loans. As to creditors they would

stand as purchases of stock, and the holders of stock would stand as owners thereof. Vent v. Duluth C. & S. Co. 64 Minn. 307, 67 N. W. 70.

■ But aside from plaintiff itself, the record fails to show the existence of a single creditor whose claim did not come into existence after the giving of the two notes here involved and after the cancelation of the stock for which they were given. The receiver therefore is not in a position successfully to attack the transaction.

■ It is also said that a corporation cannot buy its own stock. This is incorrect. The rule is that a corporation, without express authority and when not prohibited by its own charter or by statute, may buy and sell its own shares, provided it does so in good faith without intending to injure, and without in fact injuring, its creditors.

■ In this case the by-laws provided that at any time when the corporation was solvent it might by a two-thirds vote of the board direct the treasurer to purchase stock. We construe the action of the board above set forth as authorizing the purchase from appellant of this stock which was in excess of his 20 shares. Concededly the corporation received the money for the stock which was given for the notes. The transaction comes within the rule above stated, and we are of the opinion that appellant's claims should be allowed.

Reversed.

DIBELL, J. took no part.