Lackawanna Steel Construction Corporation, Plaintiff, *v.* P. J. Greenough Engineering Company, Inc., and Others, Defendants.

Supreme Court, Erie County, January 16, 1934.

*Stanley & Gidley* [*Hyman Karnofsky* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Vincent A. Tauriello* of counsel], for the State of New York.

*Edward J. Culligan,* for E. P. Muntz, Inc.

*Cravath, deGersdorff, Swaine & Wood,* for the Kalman Steel Corporation.

*Aaron & Dautch* [*Max Davidoff* of counsel], for the Keystone Portland Cement Company.

*Nash, Britcher & Eckel,* for the General Crushed Stone Company.

*Cregg, Rulison & Brazell* [*Elmer O. Carlson* of counsel], for the Syracuse Plaster Company, Inc.

*Leland B. Bryan,* for Edwin T. Jenks and others.

Charles B. Wheeler, Official Referee. This action is one to determine the validity and priority of certain liens on a fund in the hands of the State growing out of the erection of a certain bridge under a contract between the State and the P. J. Greenough Engineering Co., Inc.

The amount in the State's possession, subject to distribution, is $13,601.13. The plaintiff claims the right of priority of payment over other defendants by virtue of an assignment given it by the engineering company, dated December 13, 1932, and filed with the Department of Public Works on December 17, 1932, and also with the Comptroller of the State. No question is raised that the engineering company is owing the construction company $13,913.41.

The plaintiff's claim to priority of payment over other lienors is based on the fact that in and by the contract between the construction company and the engineering company it was agreed the engineering company was " to *turn over* to us all moneys received by you from the State on items 29 and 37 as and when received, up to an amount totalling the lump sum of this contract, except that if the field painting is not completed you are to retain $2.00 per ton until painting has been completed and accepted."

On December 13, 1932, it is claimed that in pursuance to this agreement the assignment in question was given.

Defendants contest the right of the plaintiff to priority.

In the case of *Vanderlip* v. *Walker* (144 Misc. 629) this referee held that under the statute as it existed prior to the amendment of 1932, " All assignees and lienors stand on an equality and share with each other *pro rata* in the fund subject to distribution. Priority in the date of the assignments or priority in the date of filing with the designated authorities does not give the assignees priority of lien or right of payment over assignments or liens filed subsequently (Lien Law, § 25, subds. 1, 4), particularly where no money was advanced by the assignees and lienors and the assignments given were to provide for the payment of a past indebtedness owing the assignees."

It is claimed, however, that the amendment of section 25 of the Lien Law by the act of 1932 has changed and modified the rights of assignees, and gives the plaintiff in this case priority of payment. Subdivision 1 of section 25 of the Lien Law now reads: " Except as provided in section five an assignee of moneys, or any part thereof, due or to become due under a contract for public improvements, whose assignment is duly filed prior to the filing of a notice of lien or assignment of every other party to the action, shall have priority over those parties to the extent of advances made upon such assignment before the filing of the notice of lien or assignment next

subsequent to his assignment, but as to advances made subsequent to a notice of lien or assignment filed and unsatisfied such assignee for the purpose of determining his proportionate share of moneys available for distribution as provided in subdivision four of this section shall be treated as a lienor having a lien to the extent of advances so made."

In the present case all the indebtedness of the engineering company to the construction company was created and incurred prior to the giving of the assignment of December 13, 1932.

The referee is, therefore, unable to see how it can be fairly claimed that such indebtedness or advances by the plaintiff can be said to have been " *made upon such assignment.*"

We do not think the statute, as amended, has changed the situation from that presented in *Vanderlip* v. *Walker* (*supra*), and we, therefore, hold the plaintiff must share in the distribution of the fund *pro rata* with other lienors.

Certain liens asserted by other defendants are objected to as not valid and subsisting liens.

The town of Erwin has filed a lien for $37.75 for rent of certain equipment. This lien is disallowed by the referee under the authority of the following cases: *Troy Public Works Co.* v. *City of Yonkers* (207 N. Y. 81); *Black Co.* v. *Surdam Holding Corporation* (140 Misc. 113); *Hurd Brothers* v. *Day Construction Co.* (146 id. 103).

E. B. Kelley Co., Inc., has asserted a lien for $248.12 for the rent of certain pile drivers. The referee disallows the claim.

David H. Rose has asserted a lien for $103.88 for coal furnished. This claim is disallowed.

The Atlantic Refining Co., Inc., has asserted a lien for $196.51 for gasoline, motor oil and alcohol furnished. This claim is disallowed.

Ambrose E. Scudder has asserted a lien for $48 for rental of equipment, which is disallowed.

The asserted lien of Lee H. Ingalls for $31.34 is allowed.

The asserted lien of Edward J. Keenan for $186.86 is disallowed.

The asserted lien of E. P. Muntz for $319.02 is allowed.

The claim of the Syracuse Plaster Company for $186.86 is disallowed.

The claim of Arthur P. Coppinger for $875 is allowed on authority of *Vanderlip* v. *Walker* (*supra*).

Certain liens for labor have been also filed and are allowed; the same are entitled to priority of payment over other lienors and the formal decision should so provide.

Certain defendants who filed notices of lien have not appeared or answered. Their claims are dismissed for want of proof.

The claims of other defendants than those above named are allowed.

The decision and decree should provide first for the payment of labor claims, and a *pro rata* distribution of the rest of the fund among the various other assignees and lienors.

The plaintiff is entitled to tax a full bill of costs and an extra allowance should the Special Term see fit to grant it on proper application.

Other counsel or attorneys appearing on the hearing and establishing claims are allowed each thirty dollars trial fee.