LILLIAN MELNIKER, Suing on Her Own Behalf as a Stockholder and on Behalf of All Other Stockholders of AMERICAN TITLE & GUARANTY COMPANY, MARSHALL MORTGAGE CORPORATION and CANMAR HOLDING CORPORATION, Respondent, *v.* AMERICAN TITLE & GUARANTY COMPANY, MARSHALL MORTGAGE CORPORATION, CANMAR HOLDING CORPORATION, SAMUEL A. TELSEY and Others, Appellants.

Second Department, March 25, 1938.

*Samuel A. Telsey*, for the appellants.

*Irving D. Lipkowitz* [*William Hughes Lewis* with him on the brief], for the respondent.

PER CURIAM. Plaintiff, as a stockholder of three corporations, brings this representative action, primarily against officers and directors thereof, for an accounting and damages by reason of their malfeasance and nonfeasance in office. Three separate causes of action are alleged but they are pleaded as one. Plaintiff moved for an examination of the defendants, and defendants made a cross-motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, with respect to certain matters alleged in the complaint. The Special Term, without passing on the merits, denied the motion for judgment, holding that such a motion may not be directed against part of a cause of action, and granted the motion for the examination.

Although the complaint in form sets forth only one cause of action, actually three causes are alleged: one with respect to each corporation. Plaintiff should have separately stated and numbered the causes of action. (Rules Civ. Prac. rule 90.) The fact that she failed to do so and that defendants failed to make a motion to compel her to do so does not preclude defendants from moving for judgment on the pleadings.

The allegations of the complaint as to which the motion for a judgment is directed do not constitute a separate cause of action. They are, in effect, merely one of the specifications of wrongdoing, namely, the purchase by officers and directors of American Title & Guaranty Company of its stock for themselves instead of for the corporation. This specification constitutes one of a series of similar wrongful acts alleged. (*Broderick* v. *Marcus*, 146 Misc. 240; affd., 239 App. Div. 816, and cases there cited.) A motion for judgment may be directed, not only against a separate cause of action, but also against a distinct and independent act or specification of wrongdoing which does not give rise to a remedial legal wrong or which cannot serve as a basis for defendants' liability and which, if dismissed, will not prejudice or embarrass the fair trial of the remaining specifications or

issues. (Civ. Prac. Act, § 476; *Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.,* 205 App. Div. 144; *Valentine* v. *Perlman,* 216 id. 548.)

Defendants contend that this specification should be dismissed because the directors and officers of American Title & Guaranty Company committed no wrong in purchasing its stock for themselves, as that corporation, being organized under the Insurance Law, is prohibited from investing in its own stock. (Ins. Law, §§ 16 and 173; *Matter of General Reinsurance Corp.* v. *Pink,* 269 N. Y. 347.) But here the contemplated purchase of this stock was not intended to be an investment of its capital or surplus. That question is not presented. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 433.) The intention was to acquire this stock out of surplus as part of the process of voluntary liquidation and dissolution of the corporation. In the absence of any express prohibition in the statutes, by-laws or certificate of incorporation, every corporation has a right in good faith to purchase its own stock out of surplus. (*Cross* v. *Beguelin,* 226 App. Div. 349; affd., 252 N. Y. 262; *Claude Neon Lights, Inc.,* v. *Federal Electric Co., Inc.,* 250 App. Div. 510, 532; *Moses* v. *Soule,* 63 Misc. 203; affd., 136 App. Div. 904, and cases there cited.)

Under the circumstances alleged, the conduct of the officers and directors in acquiring the stock for themselves was a fraud which obligates them to account to the corporations for their profits. (*Claude Neon Lights, Inc.,* v. *Federal Electric Co., Inc., supra; Winter* v. *Anderson,* 242 App. Div. 430, 431; *Bosworth* v. *Allen,* 168 N. Y. 157.)

The order denying defendants' motion for judgment on the pleadings and granting plaintiff's motion for an examination before trial and the production of certain books and records, to be used pursuant to section 296 of the Civil Practice Act, should be modified by limiting items 1, 2, 4 and 5, with respect to the books and records to be produced, to the period from 1930 to 1937, inclusive, and by adding a provision permitting the examination before trial to be held, at the election of the defendants, at the office of the corporations before a notary public, provided all the books and records to be produced are made available. As so modified, the order should be affirmed, with ten dollars costs and disbursements to respondent.

LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and TAYLOR, JJ., concur.

Order denying defendants' motion for judgment on the pleadings and granting plaintiff's motion for an examination before trial and the production of certain books and records, to be used pursuant to

section 296, Civil Practice Act, modified by limiting items 1, 2, 4, and 5, with respect to the books and records to be produced, to the period from 1930 to 1937, inclusive, and by adding a provision permitting the examination before trial to be held, at the election of the defendants, at the office of the corporations before a notary public, provided all the books and records to be produced are made available. As so modified, the order is affirmed, with ten dollars costs and disbursements to respondent. Settle order on notice.