CARRIE TOBIAS, Plaintiff, *v.* EMANUEL CELLER et al., Formerly Doing Business as Copartners under the Name of CELLER & KRAUSHAAR, Defendants.

Supreme Court, Special Term, Kings County, April 24, 1943.

*Weisman, Celler, Quinn, Allan & Spett* for Emanuel Celler, defendant.

*Kraushaar & Kraushaar* for Meyer Kraushaar, defendant.

*Cotton, Brenner & Wrigley* for plaintiff.

CUFF, J. Two motions by defendants to direct in their favor judgment on the pleadings. It is the contention of the defendants that the amended complaint sounds in breach of a fiduciary trust as well as in fraud and that any claim based upon the former is outlawed. There is no dispute that the Statute of Limitations expired as to any action for violation of a trustee's duty before this suit was instituted.

It is plaintiff's contention that she is suing for misrepresentation and nothing else. She argues that if, in the course of pleading her claim, resort is had to expressions which point to a breach by defendants as fiduciaries, that is no fault of hers, but instead it adds accuracy to the drafting effort; that no part could have been omitted and still retain the proper word picture when framing the amended complaint.

This is an instance where the defendants seek judgment with respect to a part of each cause of action. That they are entitled to seek such relief may not be questioned (Civ. Prac. Act, § 476). Because plaintiff has not separated (according to defendants' view) her causes of action and numbered them will not preclude defendants from moving to extract from the whole in each instance those parts which they consider objectionable and apply for judgment with respect thereto. (*Melniker* v. *American Title & Guaranty Co.,* 253 App. Div. 570.) Reading the amended complaint as an action in fraud, as the author maintains was intended, each allegation seems to be proper. But the amended complaint may also be read as a mixed claim of violation of fiduciary duties and of fraud. If the plaintiff sought to sustain both forms of claim the language is present to support them. (*Tobias* v. *Celler,* 37 N. Y. S. 2d 399, affd. 265 App. Div. 1065.)

These motions must be granted to the extent that plaintiff be prevented from recovering on those claims, as such, in the amended complaint which amount to a breach of duty by defendants as fiduciaries. The court will not attempt to dissect the paragraphs and extricate parts therefrom because to do so would be the "mutilation of the whole," which *Lowe* v. *Lowe* (265 N. Y. 197) holds was not intended by the statute (Civ. Prac. Act, § 476). It is not necessary in granting relief of this nature to direct the removal of expressions or allegations in the pleading or to sever, although the court is clothed with that power. (*Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.,* 205 App. Div. 144, 146.) The defendants are entitled to judgments in their favor with respect to those allegations of the amended complaint which, though inseparably interwoven in the fraud charge or standing alone, could form the basis of a

judgment for breach of fiduciaries' duty. The orders herein will provide that the motion for partial judgment made by each defendant with regard to any claims for violation by defendants of their duties as trustees is granted.   Orders on notice.