Thomas McLaughlin, by Edward McLaughlin, His Guardian ad Litem, et al., Respondents, v. Estate of Charles Rosenberg, Inc., Appellant, et al., Defendants.— Action by infant plaintiff to recover damages for personal injuries, and by his father for expenses and loss of services. Judgment for plaintiffs, entered on the verdict of a jury, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ. [See *post*, p. 756.]

National Bank of Far Rockaway, Appellant, v. City of New York et al., Defendants, and Grinnell Company, Inc., Respondent.— In an action to enforce an· assignment of moneys upon which advances were made to one having a contract for a public improvement, and in which action a defendant, as alleged lienor, sought payment to it of the balance of the contract price remaining in the possession of the municipal corporation, amended judgment directing payment of the fund to defendant Grinnell Company, Inc., and order granting extra allowance, insofar as appealed from, unanimously affirmed, with costs. No opinion. Appeal from original judgment dismissed, without costs. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See *post*, p. 756.]

National City Bank of New York, Appellant, v. Michael Piluso et al., Respondents.— In an action to recover on a promissory note, judgment unanimously 'affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.

The People of the State of New York, Respondent, v. Enoch McKinney, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, borough of Richmond, convicting defendant of the crime of keeping a place for game of policy, in violation of section 974 of the Penal Law, unanimously affirmed. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

John L. Ray, Respondent, v. Walter R. Ray et al., Appellants.— The complaint contains two separate causes of action. The first cause of action is for rescission of an agreement made between plaintiff and defendant Walter R. Ray. The second cause of action is a representative stockholder's action, brought by plaintiff, on behalf of the three corporate defendants, against the individual defendants, as officers or directors, or both, of the three corporations, alleging waste in that they paid to themselves excessive salaries, sales and travel expenses and legal fees. Defendants moved to compel plaintiff to divide into separate paragraphs the allegations contained in the first three paragraphs of the first cause ·of action and separately to state and number each cause of action contained in the second cause of action. The motion was denied, and defendants appeal. Order modified on the law by striking out the words " in all respects denied " and inserting in place thereof a provision granting the motion to the extent of directing plaintiff to serve an amended complaint separately stating and numbering the causes of action pleaded in the second cause of action. As so modified the order is affirmed, with ten dollars costs and disbursements to appellants. (Rules Civ. Prac., rule 90; see, also, *Melniker* v. *American Title & Guaranty Company*, 253 App. Div. 570.) Carswell, Johnston and Lewis, JJ., concur; Close, P. J., and Adel, J., dissent and vote to affirm without modification.