ALEXANDER TEITLER, Respondent, *v.* PARKSIDE WRECKING Co., INC., et al., Defendants, and McDERMOTT & McDONALD, a Copartnership, Appellant.   (Action No. 1.)

McDERMOTT & McDONALD, Appellant, *v.* PARKSIDE WRECKING Co., INC., et al., Defendants, and ALEXANDER TEITLER, Respondent. (Action No. 2.)

Second Department, January 31, 1955.

*Harris Birnbaum* for appellant.

*Mortimer Haas* and *Alexander Teitler,* in person, for Alexander Teitler, respondent.

NOLAN, P. J.   Respondent sued, as assignee of defendant Parkside Wrecking Co., Inc., to adjust the priority of various claims against three separate funds in the hands of defendant the City of New York, and for a judgment declaring, *inter alia,*

that by virtue of the filing of assignments from his assignor, he had a valid lien against moneys due defendant Parkside, from defendant city, prior to the lien asserted by appellant.

Appellant sued to foreclose its lien filed against part of the funds involved in respondent's action. The actions were treated as consolidated and were tried together, and the appeal is from the judgment therein, insofar as it decrees that respondent is entitled to priority over appellant in the distribution of the funds held by defendant city, and as it directs payment thereof to respondent, and from an order denying a motion for a new trial.

Respondent, in 1952, received from defendant Parkside an assignment of all moneys to become due under a contract for a public improvement between Parkside and defendant city. That assignment was not filed as required by section 16 of the Lien Law. Thereafter, respondent made advances on the security of that assignment for purposes, to some extent at least, connected with Parkside's contract with the city. Subsequently, and in 1953, and after all such advances had been made, respondent obtained another assignment of all money to become due under the same contract, which assignment was duly filed as provided by section 16 of the Lien Law. Appellant's notice of lien was filed thereafter.

The learned Official Referee, before whom the actions were tried, has found that the assignment executed by Parkside in 1953 was not given for an antecedent debt, but that it was given to carry out the purpose of the 1952 assignment. While the 1953 assignment may have been given to carry out the purpose of the previous transaction in 1952, it was, in our opinion, obviously given for an antecedent debt. The assignment of 1952, not having been filed, was of no effect as the basis of a claim for priority over, or parity with, the lien claimed by appellant (Lien Law, § 16). Although the assignment of 1953 was properly filed before the filing of appellant's notice of lien, it is conceded that no advances were made thereon after the date of its execution. Consequently, respondent was not entitled, by virtue of the filing of this assignment, to priority in payment over appellant's lien. (*Lee* v. *Bailey Corp.*, 267 N. Y. 161; *National Bank of Far Rockaway* v. *City of New York*, 269 App. Div. 697, affd. 295 N. Y. 624; *Vanderlip* v. *Walker*, 144 Misc. 629.)

Neither is respondent entitled to parity with appellant in the distribution of the funds, applicable to the contract, retained by the defendant city. Although, presumably, to some extent at least, the moneys advanced by respondent upon the assignment

received in 1952, were used by defendant Parkside in the performance of its contract with the city, neither that assignment, nor the assignment given respondent in 1953 was for a lienable consideration. To that extent the situation presented here differs from that disclosed in *Vanderlip* v. *Walker* (*supra*) and *Lackawanna Steel Constr. Corp.* v. *Greenough Eng. Co.* (150 Misc. 147, affd. 242 App. Div. 673, affd. 266 N. Y. 594), and those cases are distinguishable, even if we assume that the questions of priority, as between assignees and lienors presented there, were correctly decided. In neither case, however, was there any appeal by a lienor from the determination that the assignees, whose assignments had been taken for antecedent debts, were entitled to parity with subsequent lienors in the distribution of the public funds. The only appeal was by an assignee, who claimed priority in payment. (*Lackawanna Steel Constr. Corp.* v. *Greenough Eng. Co., supra.*) We do not decide whether a different conclusion would be required if respondent's assignments had been given for a lienable consideration. It is our opinion, however, that the amendments of section 25 of the Lien Law in 1930 and 1932 (L. 1930, ch. 859; L. 1932, ch. 627) altered the law which existed prior thereto to such extent as to deny to an assignee in the position of respondent either priority over, or parity with, the holder of a valid lien against the funds due under a contract for a public improvement. (*Lee* v. *Bailey Corp., supra*; *National Bank of Far Rockaway* v. *City of New York, supra; Butts* v. *Randall*, 145 Misc. 708.) *Arrow Iron Works* v. *Greene* (260 N. Y. 330) is not an authority to the contrary. The determination of priority as between an assignee and lienors in that action was governed by the provisions of the Lien Law as they existed in 1929, and prior to the amendment of the statute in 1930.

The judgment insofar as appealed from should be modified on the law and the facts, by striking therefrom the provisions thereof which decree that respondent has acquired and has a valid first lien on the funds in dispute between respondent and appellant, which direct that appellant's complaint be dismissed, which direct payment of such funds to respondent and which award costs to respondent as against appellant, and by substituting therefor a provision that appellant, as defendant in action No. 1, and as plaintiff in action No. 2, acquired a good and valid first lien against the moneys due under the contract involved in the dispute between the parties, in the sum of $6,000, and that respondent acquired an interest in such moneys, by virtue of his assignments, subordinate to the lien of appellant, and a

direction that payment of such funds be made by defendant the City of New York first to appellant, to the full amount of its claim, with interest, and thereafter, to the extent of the balance of such funds remaining in the hands of said defendant, to respondent. As so modified, the judgment should be affirmed, with costs to appellant. Findings of fact inconsistent with the foregoing should be reversed and new findings should be made as heretofore stated.

The order denying appellant's motion for a new trial should be affirmed, without costs.

We find no merit in the claim of surprise advanced by appellant.

WENZEL and MacCRATE, JJ., concur with NOLAN, P. J.; SCHMIDT, J., concurs in the affirmance of the order, but dissents as to the modification of the judgment, and votes to affirm the judgment, without modification, with the following memorandum: In my opinion, " advances made upon such assignment " as set forth in subdivision (1) of section 25 of the Lien Law, should be read as meaning advances made *for or in consideration of,* not *after,* an assignment.

BELDOCK, J., concurs in the affirmance of the order and in the modification of the judgment insofar as certain provisions are deleted therefrom, but dissents insofar as certain provisions are added thereto, and votes to add provisions to the judgment which would give respondent parity with appellant to the extent of his actual advances made to defendant Parkside Wrecking Co., Inc., with the following memorandum: I agree that respondent is not entitled to priority over appellant because respondent's advances were not made " upon " the filed assignment, i.e., the assignment filed in 1953 was given for an antecedent debt and no advances were made thereon after the date of its execution. The basis of the majority for the denial of parity between respondent and appellant is its finding that respondent's advances were not for a lienable consideration. In my opinion, that reversal of the finding of the Official Referee is without foundation in this record. The Official Referee found that all of respondent's advances were for payroll purposes. That finding is not disputed by appellant. However, only the actual amount advanced by respondent for such purposes is lienable; the amount included for advance discount is not.

Judgment accordingly.

Order affirmed.

Settle order on notice.