George Eilperin, J.
In an action to enjoin defendants from using a certain trade-mark and to enjoin them from using packaging and advertising similar to that used by the plaintiff corporation, defendants move for judgment on the pleadings dismissing the complaint and granting defendants partial relief on its counterclaim.
In substance the complaint alleges that plaintiff created an unique insecticide treated shelf and lining paper which combined the following: a means of packaging whereby the shelf and lining paper is manufactured in various widths and lengths and is rolled into a scroll; the advertising material is wrapped *172 around the scroll; a transparent cellophane is used to cover the entire product; the trade-mark “ Bug-Proof ” and the wording “ shelf and lining paper kills roaches, ants and silver fish” together with other items of information are printed on the advertising material and is visible through the cellophane cover; the word ‘ ‘ Bug-Proof ’ ’ is printed in letters one and one-fourth inches high and five eights of an inch wide and is predominate in its appearance; that the word “ Bug-Proof ” was printed in a special type in order to be distinctive; that by reason of the unique quality of the paper, and the extensive advertising thereof the public has grown to associate and identify the paper packaged in the manner aforesaid with plaintiff’s product; that for the purpose of unfairly competing against plaintiff the defendants have copied plaintiff’s product and except for inferior workmanship is an identical copy thereof containing each and every packaging feature combined in plaintiff’s product; that the defendants have copied and imitated plaintiff’s trade-mark by adopting the trade-mark ‘ ‘ Bug-Ban ’ ’ for its trade-mark; that defendants have copied plaintiff’s packaging by adopting packaging having appearance aspects closely similar to plaintiff’s packaging; that in addition they carry the same arrangement of lettering and similar characteristics in order to give the same general appearance as the product of the plaintiff’s; that the size of the lettering of “ Bug-Ban ” used by the defendants is identical in height and width, and also the most predominant lettering on the package; that all of this has led to confusion of purchasers.
It is further alleged that the trade-mark ■ ‘ Bug-Ban ” adopted by defendants is an unlawful infringement upon the trade-mark of “ Bug-Proof ” and has been adopted by the defendants for the purpose of creating confusion and of trading upon plaintiff’s good will and reputation.
It is asserted by the defendants that although the complaint per se might sufficiently state a cause of action, an examination of the admissions by the plaintiff in its bill of particulars and reply to defendants’ affirmative defense and counterclaim reveals that the cause of action is insufficient.
Where a reply to an affirmative defense has been served, all the pleadings and bill of particulars are considered on a motion for judgment on the pleading and if no triable issue of fact is presented, judgment may be properly awarded (Moore v. City of Yonkers, 6 A D 2d 712).
Plaintiff’s reply to paragraph 23 of defendants’ counterclaim and affirmative defense admits that ‘ ‘ the packaging of shelf and lining paper by cutting it into various widths and lengths, *173 rolling it into a scroll and covering the entire scroll and label with a cover of transparent cellophane is common to the trade and has been common to the trade for decades.”
Plaintiff’s bill of particulars admits that none of the following features of its packaging are unique: the rolling of a paper into a scroll; the manufacture of the paper in various widths and lengths; the use of transparent cellophane to cover the paper; the wording “ shelf and lining paper kills roaches, ants and silver fish” and the recitation of other items of information stating the active and inert ingredients on the printed advertising material which is visible through the cellophane wrapper; the printing of the word ‘ ‘ Bug-Proof ’ ’ in letters of one and one-fourth inches high and five eighths of an inch wide or the predominance of the appearance of the word on the packaging of the paper; the visibility of plaintiff’s labeling or advertising material through the cellophane covering of the paper.
As unique, the bill of particulars sets forth the following items: the packaging, in that it specifically creates a printing of a certain type; the layout on the labeling; all of the printed material, coloring, lettering, trade name as arranged and used.
The labelings of plaintiff’s product and defendants’ product are attached as exhibits to the bill of particulars.
The fact that plaintiff’s product may have most features used by the trade in common is not the criterion for determining the right to relief against unfair competition: 1 ‘ But even a utilitarian form of box or container which would be commonly available to merchandisers could also become an instrument of unfair competition. "While no one could acquire the exclusive right to use a square box in trade, an imitative sign on a square box could become a destructive instrument of competition and impair the efforts and investment of a manufacturer or merchandiser.” (International Latex Corp. v. Flexees Inc., 281 App. Div. 363, 366-367.)
The basis of the claim of the plaintiff appears to now center itself on the assertion that the labeling and method of labeling are marks of distinction readily identifying the products source; that purchasers are moved to buy the article because of its source; that defendants’ product is so closely imitative of plaintiff’s product that confusion has resulted therefrom.
The defendants assert that the labels of the parties which are attached to the pleadings on its face reveal that there could not be any confusion of the products.
However, in Day v. Webster (23 App. Div. 601, 602) the court said: “ It is true that the similarity of the alleged wrongdoer’s label may be so great that fraud will be inferred from a mere *174 inspection of the respective labels. Where, however, the similarity is not so great as, upon a mere inspection, to warrant the conclusion of fraud, resort may be, and usually is, had to evidence aliunde. ’ ’
Since an action for unfair competition has as an essence thereof the claim of fraud, it thus appears that not until the plaintiff has had the opportunity to present other evidence at trial can it be determined that the plaintiff’s cause of action is insufficient.
It is urged by defendants that in any event judgment on the pleadings should be awarded with respect to that portion of the complaint wherein plaintiff seeks to enjoin the defendants for infringement of its trade-mark.
Under section 476 of the Civil Practice Act, judgment on the pleadings may be granted with respect to a part of a cause of action (Melniker v. American Tit. & Guar. Co., 253 App. Div. 570), but only if it can be done without fatally mutilating the entire pleading (Kane v. Walsh, 295 N. Y. 198, 207). Without passing upon the merits of defendants’ contention with respect to the trade-mark infringement portion of the action, it appears that that portion is an incomplete fragment of the entire claim which cannot be thus divided without mutilation.
Accordingly, the motion for judgment on the pleadings is denied with respect to the complaint.
Since the same result would occur with respect to the portion of defendants’ counterclaim wherein judgment on the pleadings is sought, the motion is also denied.